No. 85-256

IN THE SUPREME COURT OF THE STATE OF MONTANA

1986

---

LEO HUBER and EMILIA HUBER, a
partnership d/b/a LIBBY THEATERS,

       Plaintiffs and Respondents,

-vs-

COMMISSIONER OF LABOR AND INDUSTRY,
STATE OF MONTANA, ex rel., SCOTT
KIRSCHENMANN,

       Claimant and Appellant.

---

APPEAL FROM:  District Court of the Nineteenth Judicial District,
           In and for the County of Lincoln,
           The Honorable Robert Holter, Judge presiding.

COUNSEL OF RECORD:

      For Appellant:

          L. Charles Evans, (Kirschenmann), Libby, Montana

      For Respondent:

          Garnaas, Hall, Riley & Pinsoneault; H. L. Garnaas,
          Missoula, Montana

---

          Submitted on Briefs: Nov. 6, 1985

               Decided: March 11, 1986

MAR 11 1986

Filed:

_Ethel M. Harrison_
_____
           Clerk

Mr. Justice L. C. Gulbrandson delivered the Opinion of the Court.

Scott Kirschenmann appeals a Lincoln County District Court order which awards him the amount of his wage claim but denies him his attorney's fees. The sole issue on appeal is whether § 39-3-214, MCA, entitles appellant to his attorney's fees at the District Court level where the Commissioner of Labor's attorney, who intervened on appellant's behalf, may have adequately represented appellant and it may not have been necessary for appellant to hire his own private counsel. We reverse and remand to the District Court.

Leo and Emilia Huber (respondents) own and operate the Dome & Libby Drive-In Theaters. In June 1983, appellant filed a wage claim with the Labor Standards Division of the Deparment of Labor and Industry, contending that he did not receive wages owed to him for services performed for respondents. After respondents filed an answer, the Department of Labor and Industry set a hearing date. The hearing was held in April 1984 and appellant was represented by private counsel. In May 1984, the hearing officer entered his findings of fact, conclusions of law and order, ruling that respondents owed appellant $1,113.75 in wages plus $1,113.75 as a penalty under § 39-3-206, MCA. Pursuant to § 2-4-702, MCA, respondents filed a petition in Lincoln County District Court for judicial review of the hearing officer's decision. Promptly thereafter, the Commissioner of Labor and Industry moved before the court to intervene on behalf of the employee (appellant here). The court granted that motion and the Commissioner's attorney vigorously intervened on appellant's behalf. The Commissioner filed a lengthy and detailed response to the respondent's petition for judicial review, alleging six affirmative defenses to the

2

petition. Appellant's private counsel also filed a response to the petition for judicial review. In January 1985, a hearing was to be held by the District Court on appellant's wage claim and both the Commissioner's attorney and appellant's private counsel were present. Respondents' counsel arrived late for the hearing and the parties stipulated that the matter would be submitted on briefs. In March 1985, the District Court filed its opinion and order affirming the hearing officer's decision and award to appellant.

Several days later, appellant's private counsel filed a motion to amend judgment requesting that appellant be awarded his attorney's fees under § 39-3-214, MCA. In April 1985, the Commissioner filed a Memorandum of Commissioner's Costs and Disbursements wherein the Commissioner claimed no costs, disbursements or attorney's fees. The District Court issued an order which denied appellant's request for attorney's fees and which stated:

> It appears then that while [appellant]
> had the right of separate representation,
> such representation was not necessary to
> dispose of the case. The Commissioner
> fully and adequately presented the case
> to the Court.

The District Court's final judgment orders respondents to pay appellant $2,488.50 plus interest and to pay the Commissioner's costs. This appeal followed the denial of attorney's fees to appellant.

As stated, the only issue is whether § 39-3-214, MCA, entitles appellant to his attorney's fees at the District Court level. Section 39-3-214, MCA, provides;

> (1) Whenever it is necessary for the
> employee to enter or maintain a suit at
> law for the recovery or collection of
> wages due as provided for by this part, a
> resulting judgment must include a reason-
> able attorney's fee in favor of the

3

successful party, to be taxed as part of the costs in the case.

(2) Any judgment for the plaintiff in a proceeding pursuant to this part must include all costs reasonably incurred in connection with the proceeding, including attorneys' fees.

(3) If the proceeding is maintained by the commissioner, no court costs or fees are required of him nor is he required to furnish any bond or other security that might otherwise be required in connection with any phase of the proceeding.

This Court has established that a plaintiff may not collect attorney's fees under this statute for the services of his attorney at the administrative hearing level because an administrative hearing is not a "suit at law" for the purposes of § 39-3-214(1), MCA, and because the hearing officer's determination is not a "judgment" for the purposes of § 39-3-214(2), MCA. Thornton v. Commissioner of Department of Labor and Industry (Mont. 1980), 621 P.2d 1062, 37 St.Rep. 2026. In Chagnon v. Hardy Constructin Co. (Mont. 1984), 680 P.2d 932, 41 St.Rep. 441, we impliedly held that the district court review of an administrative decision on a wage claim is a suit at law within the meaning of the statute. Given that the lower court proceeding was a suit at law, the only remaining inquiry under the statute and in this appeal is whether it was necessary for the appellant to enter or maintain the suit.

Appellant was the only other named party to the action at the time of the petition for judicial review. At that time, the Commissioner of Labor and Industry had not intervened and was not a party to the action. Even after the intervention, appellant may have considered it necessary to take part in the suit to monitor the proceedings if nothing else. We also note that the Commissioner, in a memorandum submitted to the District Court, stated:

4

> An appearance by a private party respond-
> ed [sic] to protect his interests that
> may or may not coincide with those of the
> Commissioner or the State is always
> warranted.

The District Court denied the attorney's fees stating that the attorney's representation of appellant "was not necessary to dispose of the case." Under the statute, it is the necessity to _enter_ the suit at law which triggers the attorney's fees, not the necessity of hiring a lawyer.

We reverse the District Court and remand this case for a determination of reasonable attorney's fees in accordance with the statute and vacate the award of costs to the Commissioner and remand for a determination of same.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices

5