DA 07-0693

## IN THE SUPREME COURT OF THE STATE OF MONTANA

### 2008 MT 376

TALON PLUMBING & HEATING, INC.,
a Montana Corporation,

      Petitioner/Plaintiff and Appellant,

  v.

STATE OF MONTANA DEPARTMENT OF LABOR & INDUSTRY,

      Respondent/Defendant and Appellee,

  and

PAT E. BEARS,

      Intervenor and Appellee.

| | |
|---|---|
| APPEAL FROM: | District Court of the Eighth Judicial District,<br>In and For the County of Cascade, Cause No. DDV-05-234<br>Honorable Dirk M. Sandefur, Presiding Judge |

COUNSEL OF RECORD:

      For Appellant:

      Patrick F. Flaherty, Attorney at Law, Great Falls, Montana

      For Intervenor/Appellee:

      Spencer T. MacDonald, MacDonald Law Office, Missoula, Montana

Submitted on Briefs: September 24, 2008
Decided: November 13, 2008

Filed:

_____
              Clerk

Justice Brian Morris delivered the Opinion of the Court.

¶1 Talon Plumbing and Heating, Inc. (Talon) appeals from an order of the Eighth Judicial District Court, Cascade County, in a wage claim proceeding, that directs Talon to pay Pat E. Bears (Bears) a total of $12,872.44 in unpaid commissions, penalties, attorney fees, costs, and accrued interest. We affirm.

¶2 Talon presents the following issues for review:

¶3 Whether the District Court abused its discretion when it awarded attorney fees to Bears as the prevailing party in a wage claim proceeding.

¶4 Whether the District Court abused its discretion when it declined to award attorney fees to Talon for defending Bears's retirement bonus claim.

¶5 Whether Bears is entitled to attorney fees and costs on appeal.

## PROCEDURAL AND FACTUAL BACKGROUND

¶6 Talon is a Montana corporation with its principal place of business located in Great Falls, Montana. Rick Waldenberg (Waldenberg), Talon's president, hired Bears as a salesman. Bears worked for Talon from May 17, 1999, through September 27, 2002. Bears and Waldenberg had reached an oral agreement on commissions during Bears's employment with Talon. The agreement initially required Talon to pay Bears $1,000 per month plus a 25% commission on equipment sales only. Talon soon found it could not afford to pay this amount to Bears. Bears and Waldenberg later agreed for Talon to pay Bears a 10% commission on total sales when the sale price had been collected in full. Bears conceded at the Department hearing that Talon had based the commissions that Bears received on the amount that Talon actually had collected.

2

¶7 Bears earned commissions on seven sales that he made during his employment that Talon had not paid by the time of his retirement. Talon eventually collected on Bears's sales, but did not pay any commission to Bears. Further, Bears and Waldenberg orally agreed for Talon to pay Bears a retirement bonus of $500 per month for seven months. Talon did not pay Bears any retirement bonus and Talon later claimed that it did not have a retirement policy.

¶8 Bears filed a wage claim with the Department of Labor and Industry (Department) on December 17, 2003. Bears claimed that Talon owed him $3,644 in earned commissions, and $3,500 as a retirement bonus, for a total claim of $7,144. Bears offset his wage claim by $283.43 for plumbing work that Talon had performed at his house. Talon denied that it owed Bears additional compensation in its response to the wage claim.

¶9 The Department's Wage and Hour Unit issued a determination on March 24, 2004, that Talon owed Bears $3,360.57 in unpaid commissions and a penalty of $504.08. It further determined that Talon did not owe Bears any retirement bonus. Bears requested a redetermination of the retirement bonus issue. Talon appealed the determination regarding the unpaid commissions. The Wage and Hour Unit transferred the case to the Department's Labor Standards Bureau for mediation. The mediation proved unsuccessful and the Labor Standards Bureau forwarded the case to the Department's Hearing Bureau for a contested case proceeding.

¶10 The Department held a hearing to address the issues as to whether Talon owed Bears for the unpaid commissions, as alleged in Bears's complaint, and whether Talon owed

3

penalties or liquidated damages, as provided by law. Talon contended that Bears had not met certain conditions precedent necessary for him to receive those commissions. Talon presented evidence of its policies to have written contracts and a 50% down payment before installation. The hearing officer determined, however, that these conditions were not part of Bears's commission agreement.

¶11 Talon presented two witnesses to testify to their understanding that sales had to be profitable in order to qualify for commission. One of Talon's salesmen testified that Talon normally based its commissions on a percentage of the profit. This saleman's commission agreement contrasted with Bears's claimed commission agreement that had been based on a percentage of gross sales. Talon also presented testimony that it had lost money on Bears's sales and it had taken too long to collect the payments. Talon presented no evidence, however, that Bears's commission agreement contained these conditions.

¶12 Waldenberg conceded that Bears's commission agreement did not address profitability of sales. Waldenberg testified, however, that he believed that the agreement was understood to include these terms. Talon presented a commission structure that Bears had developed for another Talon employee. Bears had developed this structure after Bears's sales in question. Talon presented no evidence, however, that suggested that Bears had agreed to apply any change retroactively to sales Bears already had made. Waldenberg further testified that it did not pay Bears the commissions on some of the sales as Bears already had left his employment with Talon before the sales had been collected. Talon's bookkeeper testified in support of Talon's policy of not paying commissions after

4

employment is terminated. Waldenberg conceded that this policy had not been reduced to writing. Talon's bookkeeper conceded at the Department hearing that Talon had in fact paid some commissions to Bears after his retirement. The Hearing officer determined that this policy had not been communicated to Bears during his employment.

¶13 The Department issued its final agency decision on February 4, 2005. The Department determined that Talon had failed to pay Bears's commissions within 10 days of becoming due. The Department awarded Bears $3,565.17 in unpaid commissions and $1,960.84 as a statutory penalty. The Department calculated Bears's commissions on the amounts actually collected. The Department further determined that Bears had not established that he was entitled to the retirement bonus. The Department deemed the retirement bonus to be in the nature of a gratuity that Talon wanted to pay to Bears when Bears had announced his retirement. As a gratuity, the retirement bonus would not qualify as "wages" and would fall outside the Department's jurisdiction. The Department rejected Talon's claim that it should receive attorney fees or costs for its successful defense of Bears's retirement bonus claim.

¶14 Talon petitioned for judicial review of the Department's final agency decision. Talon asked the court to vacate the Department's decision that Talon owes wages and a penalty to Bears. Talon requested an evidentiary hearing, if the court awarded Bears's commissions, so that Talon could prove its claim for an offset of $3,200 worth of materials that the Department lacked jurisdiction to address. Talon also requested an evidentiary hearing if the court awarded Bears a retirement bonus.

5

¶15 The court granted Bears's motion to intervene in the judicial review. Bears filed an answer and two counter-claims. One counter-claim sought Bears's retirement bonus from Talon and the other sought a greater statutory penalty against Talon regarding Talon's failure to pay Bears's retirement bonus and underlying wage claim. Talon moved to dismiss Bears's counter-claims on the grounds that Bears should have brought them in his own petition for judicial review. The court denied Talon's motion to dismiss Bears's counterclaim for the $3,500 retirement bonus. The court granted Talon's motion to dismiss Bears's request for an increased statutory penalty for the retirement bonus and on the underlying wage claim.

¶16 Bears filed a motion to bifurcate the wage claim portion of this action from all counterclaims and other claims. The wage claim arose from the Department's award of $5,526.01 to Bears for the unpaid commissions and penalty, and Bears's claim for attorney fees incurred in district court in defending the Department's award. The court granted Bears's motion to bifurcate.

¶17 The District Court affirmed the Department's decision awarding Bears $5,526.01 in unpaid commissions and penalties. The court also scheduled a hearing to determine the amount of attorney fees to be awarded to Bears in pursuing the unpaid commissions on judicial review. The court held a separate hearing and awarded Bears $5,124 in attorney's fees and $445.33 in costs for a total judgment of $5,569.33. Talon withdrew its claim for an offset of $3,200 in merchandise against Bears on January 17, 2007. Bears withdrew his claim for a retirement bonus on August 27, 2007. Bears moved the court to enter final

6

judgment.

¶18 Talon objected to entry of final judgment. Talon asserted a claim to an award of attorney fees and costs as the prevailing party on Bears's withdrawn retirement bonus claim. The court previously had determined that Bears's withdrawn retirement bonus claim had not been a wage claim, but rather had constituted an independently justiciable contract claim. The court concluded that Talon could not recover attorney fees on Bears's independent contract claim. The court entered final judgment and ordered Talon to pay Bears $12,872.44 in unpaid commissions, penalties, attorney fees, costs, and accrued interest, either personally, or through the Department. Talon appeals.

## STANDARD OF REVIEW

¶19 We review agency findings to determine whether they are clearly erroneous. Section 2-4-704(2)(a)(v), MCA. We review an agency's conclusions of law to determine if they are correct. *Owens v. Montana Dept. of Revenue*, 2007 MT 298, ¶ 12, 340 Mont. 48, ¶ 12, 172 P.3d 1227, ¶ 12 (citations omitted). The same standard of review applies to "both the District Court's review of the administrative decision and our subsequent review of the District Court's decision." *Owens*, ¶ 12.

¶20 The standard of judicial review for findings of fact is whether they are clearly erroneous in view of the reliable, probative, and substantial evidence in the whole record. Section 2-4-704(2)(a)(v), MCA; *State Personnel v. Bd. of Personnel App.*, 255 Mont. 507, 511, 844 P.2d 68, 71 (1992). A finding is clearly erroneous if it is not supported by substantial evidence, if the trial court misapprehended the effect of the evidence, or if our

7

review of the record convinces us that a mistake has been committed. *Daines v. Knight*, 269 Mont. 320, 325, 888 P.2d 904, 906 (1995). This Court will not re-weigh the evidence, but instead defer to the agency. *Benjamin v. Anderson*, 2005 MT 123, ¶ 37, 327 Mont. 173, ¶ 37, 112 P.3d 1039, ¶ 37. We view findings of fact in the light most favorable to the prevailing party. *Harding v. Savoy*, 2004 MT 280, ¶ 20, 323 Mont. 261, ¶ 20, 100 P.3d 976, ¶ 20.

¶21    We review a district court's award of attorney fees in accordance with § 39-3-214, MCA. As set forth in *Glaspey v. Workman*, 234 Mont. 374, 377, 763 P.2d 666, 668 (1988), attorney fees are within the discretion of the district court and we will not disturb on appeal the amount a party may be awarded in attorney fees if it is based on competent evidence unless there is an abuse of discretion. Abuse of discretion is whether the district court acted arbitrarily without employment of conscientious judgment or exceeded the bounds of reason resulting in substantial injustice. *Jarvenpaa v. Glacier Elec. Co-op., Inc.*, 292 Mont. 118, 121, 970 P.2d 84, 86 (1998).

**DISCUSSION**

¶22    *Whether the District Court abused its discretion when it awarded attorney fees to Bears as the prevailing party in a wage claim proceeding.*

¶23    Talon contends that Bears did not incur attorney fees in accordance with § 39-3-214, MCA, as the Department's staff attorney performed the legal work and defended the petition for judicial review. Talon further argues that the award of attorney fees are unreasonable and the doctrine of estoppel precludes such an award. Talon claims that Bears stated at the

8

Department hearing that his attorney fees were based on a contingent fee agreement and now Bears claims that his attorney fees are based on an hourly fee agreement.

¶24 Bears prevailed in his wage claim against Talon. Any judgment for the plaintiff in a suit at law for the recovery or collection of wages due must include all costs reasonably incurred in the connection of the proceeding, including attorney fees. Section 39-3-214(1)-(2), MCA. Attorney fees are allowable only when provided for by contract or statute. *Chagnon v. Hardy Const. Co.*, 208 Mont. 420, 424, 680 P.2d 932, 934 (1984). Talon correctly asserts that attorney fees are not awarded at the agency level. In *Chagnon*, we held that an administrative hearing is not a "suit at law" and that a "determination" made by an administrative agency is not a judgment. *Chagnon,* 208 Mont. at 425, 680 P.2d at 934. A district court's review of an administrative decision on a wage claim *is* a "suit at law" within the meaning of § 39-3-214(1), MCA, that provides for attorney fees whenever such a suit is necessary to recover wages due. *Huber v. Com'r of Labor and Industry,* 220 Mont. 335, 337, 715 P.2d 440, 442 (1986).

¶25 Bears incurred the attorney fees that the court awarded in defending his wage claim in District Court. Talon petitioned the District Court to review the Department's decision on Bears's wage claim. Bears sought to intervene in Talon's petition for judicial review. Talon did not object to Bears's intervention. The District Court upheld the Department's award of Bears's wage claim. Talon's refusal to pay Bears made it necessary for Bears to enter and maintain a suit at law to recover his wages. *Huber*, 220 Mont. at 337, 715 P.2d at 442.

9

¶26 Talon next challenges the amount of attorney fees as unreasonable. The court applied the reasonableness factors in *Plath v. Shonrock*, 2003 MT 21, ¶ 36, 314 Mont. 101, ¶ 36, 64 P.3d 984, ¶ 36, and *Swenson v. Janke*, 274 Mont. 354, 361, 908 P.2d 678, 682-83 (1995). Bears presented evidence that his counsel charged a fee of $120 per hour. Bears's counsel performed 42.7 hours of work in pursuing Bears's wage claim on judicial review. Bears presented expert testimony regarding the hourly rate charged by his counsel and the amount of time expended to pursue a claim of this nature. The court determined that a fee award of $5,124 would be reasonable under the circumstances.

¶27 Attorney fees are within the district court's discretion and we will not disturb the district court's award of attorney fees on appeal if the award is based on competent evidence unless there is an abuse of discretion. *Glaspey*, 234 Mont. at 377, 763 P.2d at 668. The District Court did not abuse its discretion when it awarded $5,124 to Bears in attorney fees for defending and prevailing in his wage claim proceedings.

¶28 *Whether the District Court abused its discretion when it declined to award attorney fees to Talon for defending Bears's retirement bonus claim.*

¶29 Talon contends that Bears's intervention in Talon's petition for judicial review for the purpose of attempting to recover a retirement bonus had caused Talon to incur fees in defending the claim. Talon argues that Bears delayed the resolution of this action by more than a year before withdrawing his claim. Talon claims that its successful defenses of Bears's retirement bonus claim entitled it to attorney fees as the prevailing party.

10

¶30    Bears voluntarily withdrew his claim.  Talon also voluntarily withdrew its claim against Bears for unsold inventory before the scheduled hearing.  The District Court correctly determined that Talon had not prevailed, and thus, would not be entitled to an award of attorney fees.  Section 39-3-214(1)-(2), MCA; *Chagnon*, 208 Mont. at 424, 680 P.2d at 934.

¶31    Talon further argues that the retirement bonus is a wage within the meaning of § 39-3-209, MCA, that entitled it to attorney fees for prevailing on Bears's retirement bonus claim.  The District Court determined that the retirement bonus claim did not constitute "wages" as the retirement bonus claim fell more into the category of a gratuity rather than into the category of earned compensation.  The court further defined the retirement bonus claim as an independent justiciable contract claim.  We agree.  The provisions of § 39-3-209, MCA, exclude Bears's retirement bonus claim.  The District Court properly denied awarding Talon attorney fees for Bears's retirement bonus claim.


¶32    *Whether Bears is entitled to attorney fees and costs on appeal.*

¶33    Attorney fees are allowed when provided by contract or statute.  *Chagnon*, 208 Mont. at 424, 680 P.2d at 934.  Section 39-3-214, MCA, allows for an employee to recover reasonable attorney fees as the successful party in a recovery or collection of wages due.  Attorney fees are allowed for services rendered at the district court level and on appeal.  *Chagnon*, 208 Mont. at 425, 680 P.2d at 934.  We remand this matter to the District Court

11

for a determination of Bears's fees and costs on appeal. *Swenson*, 274 Mont. at 361, 908 P.2d at 683.

¶34 For the foregoing reasons, we affirm the District Court's rulings and remand for a determination of costs and fees on appeal.

/S/ BRIAN MORRIS

We Concur:

/S/ JAMES C. NELSON
/S/ PATRICIA COTTER
/S/ JOHN WARNER
/S/ W. WILLIAM LEAPHART