FILED

12/12/2023

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 23-0057

DA 23-0057

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2023 MT 239

JAY WATSON,

      Petitioner and Appellee,

    v.

MONTANA DEPARTMENT OF FISH,
WILDLIFE AND PARKS,

      Respondent and Appellant.

APPEAL FROM:    District Court of the Thirteenth Judicial District,
In and For the County of Yellowstone, Cause No. DV-20-1128
Honorable Jessica T. Fehr, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Jaime MacNaughton, Sarah Clerget, Fish, Wildlife and Parks, Helena,
          Montana

      For Appellee:

          Justin Oliveira, Patten, Peterman, Bekkedahl & Green, PLLC, Billings,
          Montana

Submitted on Briefs:  August 16, 2023

Decided:  December 12, 2023

Filed:

_____
                    Clerk

Justice Jim Rice delivered the Opinion of the Court.

¶1 The Montana Department of Fish, Wildlife and Parks (FWP or agency) appeals a December 14, 2022 judgment in favor of Jay Watson (Watson) on his grievance against the agency for backpay, entered by the Thirteenth Judicial District Court, Yellowstone County, which reversed the Final Agency Decision entered by the Board of Personnel Appeals (BOPA or Board). FWP also challenges the District Court's award of attorney fees to Watson. We restate the issues presented as follows:

1. *Whether the District Court erred by reversing BOPA's Final Agency Decision.*

2. *Whether the District Court erred by awarding attorney fees to Watson.*

¶2 We affirm on Issue 1 and reverse and remand on Issue 2.

## FACTUAL AND PROCEDURAL BACKGROUND

¶3 In 2011, FWP adopted a new "one rate" pay system for the agency in an effort to address recruitment struggles and alleviate the effects of an extended state employee pay freeze. This system defined a non-negotiable salary for each position at FWP and provided that all employees holding the same position code were paid the same rate of compensation.[1] At the time of the plan's implementation, Watson was employed for FWP as a Biology Research Specialist. However, Watson was not initially paid a rate of pay equal to the highest paid employee in his job code. This disparity was not recognized until

---

[1] Section 2-18-302, MCA (2011), provided that "no changes in personnel or salary status may be authorized that will cause an agency to exceed its appropriation or that will result in a deficiency or supplemental appropriation request to the legislature." There is no dispute here regarding the adoption or validity of the subject FWP pay plan itself.

2

July 2018, at which time the base rate for Watson and other Biology Research Specialists was increased to the level that the highest-paid Biology Research Specialist was earning.

¶4    In August 2018, Watson filed a grievance with the Board of Personnel Appeals seeking payment of the differential between his pay rate and the highest pay rate for his position from the time the agency's new pay system was implemented in 2012 until his pay was corrected in July 2018. Watson sought relief pursuant to the statutory grievance procedure specific to FWP, set forth in § 87-1-205, MCA (2017), which provided:

> An employee of the department[2] who is aggrieved by a serious matter of employment based upon work conditions, supervision, or the result of an administrative action and who has exhausted all administrative remedies within the department is entitled to a hearing before the board of personnel appeals provided for in 2-15-1705 and subject to the provisions of 2-18-1011 through 2-18-1013. Any order of the board is binding upon the department.[3]

¶5    In September 2018, the FWP Director acknowledged and apologized for the payment error in a letter to Watson and explained that Watson would receive three years of backpay with interest. FWP paid this amount, but Watson continued his grievance because he was seeking backpay for the entire six years he claimed to be underpaid. In February 2019, a BOPA Investigator issued a Preliminary Decision dismissing the grievance. The Investigator referenced the 30-day statutory cap on retroactive pay awarded

---

[2] "Department" was defined as "the department of fish, wildlife, and parks . . . ." Section 87-1-101(3), MCA (2017).

[3] This statute, providing an FWP-specific grievance procedure to BOPA, was subsequently repealed effective March 8, 2021. 2021 Mont. Laws ch. 56, § 2. A saving clause within the repealing legislation provided, "[This act] does not affect the rights and duties that matured, penalties that were incurred, or grievance proceedings that were subject to the provisions repealed by this act and that were begun before [the effective date of this act]." 2021 Mont. Laws ch. 56, § 3.

3

in grievance appeals, set forth in § 2-18-203(3), MCA, but noted that, in a previous grievance proceeding involving the pay of another FWP employee, the *O'Rourke* case, a hearing officer had ruled the statutory 30-day cap applied only to pay band allocation grievances, not compensation grievances, consistent with the plain language of the statute. *See* § 2-18-203(3), MCA (2015) ("The period of time for which retroactive pay for a *pay band allocation appeal* may be awarded . . . may not extend beyond 30 days prior to the date on which the appeal was filed.") (emphasis added). Consequently, the Investigator reasoned the 30-day cap did not apply to Watson's claim, but that, "[u]nder the Wage Payment Act, Title 39, Part 3 of the Montana Code Annotated, an employee can recover at most three years of retroactive pay." Because Watson had already received pay for the three years prior to his claim, the Investigator dismissed the grievance.[4]

¶6     Watson pursued the next grievance step by requesting an evidentiary hearing with Office of Administrative Hearings (OAH). *See* Admin. R. M. 24.26.403(3) (2017). After conducting a hearing on October 8, 2019, on March 13, 2020, the Hearing Officer issued

---

[4] In the referenced case, *O'Rourke v. State Personnel Division, Department of Administration, Montana Fish, Wildlife and Parks*, OAH Case No. 641-2017 (June 16, 2017), a FWP female employee sought six years of differential backpay for being paid less than a male counterpart. In that matter, the hearing officer rejected FWP's argument that retroactive pay awards were limited to 30 days under § 2-18-203(3), MCA, because "this is not a pay band allocation appeal." *O'Rourke*, pp. 14. However, after the *O'Rourke* decision, § 2-18-203(3), MCA, was amended by the Legislature to broadly apply the 30-day cap to retroactive pay awarded within all "compensation and classification appeal[s]," deleting the prior language that applied only to "pay band allocation appeals." 2017 Mont. Laws, ch. 430, § 3. The amendment was effective July 1, 2017, prior to the filing of Watson's claim. Notably, O'Rourke received a retroactive award for the entire six-year period, and the Investigator surmised that the three-year limit under the Montana Wage Payment Act (MWPA or the Act), *see* § 39-3-207(3), MCA, which the Investigator applied here against Watson's claim, was not enforced in the *O'Rourke* case because, "[p]resumably," FWP had not raised the issue. BOPA Preliminary Decision, Case 450-2019 (Feb. 11, 2019).

its Findings of Fact, Conclusions of Law, and Recommended Order. The Hearing Officer held the three-year limitation under the MWPA, referenced by the BOPA Investigator, did not apply. The Hearing Officer further determined the 30-day limitation on retroactive pay under § 2-18-203(3), MCA, did not apply to Watson's claim because it was "not a pay band allocation appeal," but did not reference the Legislature's 2017 revision to that statute. Having concluded the limitations upon a retroactive award under MWPA and the federal Fair Labor Standards Act (FLSA) were inapplicable, the Hearing Officer recommended that Watson be awarded compensation for differential wages earned for the full six years from 2012 to 2018, less the three years for which he had already been paid.

¶7     FWP filed objections to the OAH decision with the Board.[5] FWP first challenged the merits of the pay issue itself, i.e., that Watson had *not* been incorrectly paid under the agency's "one rate" pay system, a position FWP explained it was "now" taking, despite its earlier position that Watson had been underpaid.[6] Secondly, FWP challenged OAH's conclusion that the three-year limitation on pay awards under the MWPA did not apply, and argued, "[i]f damages are awarded, a three-year compensatory damage cap must

---

[5] Watson also filed objections, asserting his retroactive pay award had been incorrectly calculated, an issue that is not before us in this appeal.

[6] FWP argued in its objection that "Watson was, in fact, paid according to FWP's pay plan in effect at each relevant time. Neither the grievant, nor the Order could substantiate a requirement that all biologists be paid the same as the highest paid Biology Research Specialist in Job Code 191215. Therefore, any conclusion that requires FWP pay Mr. Watson the same as any other higher paid biologist is wrong as a matter of law. At the hearing, Watson had the burden of showing that his pay was incorrect. He did not meet that burden." However, FWP took the position that it would not seek repayment from Watson of the three years of differential pay it had previously paid to him.

apply." Notably, FWP did not object to or address the Hearing Officer's conclusion that the 30-day cap under § 2-18-203(3), MCA, did not apply to Watson's claim.

¶8 Given the framing of the case by FWP's objections, BOPA focused on the applicability of the MWPA, and reversed the Hearing Officer on that issue, concluding "[a] wage claimant is not entitled to back pay beyond the three-year lookback in the Wage Payment Act of Title 39, and the Hearing Officer failed to cite any binding authority to justify a different award of damages." Noting that Watson had already received payment for three years of backpay, BOPA issued a Final Agency Decision dismissing his grievance.

¶9 In August 2020, Watson filed a Petition for Review of a Final Agency Decision with the Thirteenth Judicial District Court pursuant to § 2-4-702, MCA. Watson argued BOPA had erred by limiting his award to three years under the MWPA, and that he should receive the entire six-year backpay awarded by the Hearing Officer. He also claimed attorney fees, which he had claimed before the OAH. FWP did not cross-petition on its merits defense, but only defended against Watson's petition by arguing BOPA had broad discretion to fashion an appropriate remedy and that BOPA's use of the MWPA for guidance in fashioning the appropriate remedy for Watson was not an abuse of discretion. Again, FWP made no argument that the Hearing Officer or BOPA had erred by not applying the 30-day cap on retroactive awards under the 2017 amendment to § 2-18-203(3), MCA.

¶10 The District Court entered an Order in May 2021 that reversed the Final Agency Decision entered by BOPA and reinstated the backpay award recommended by the Hearing Officer. The District Court reasoned that Watson "never asserted a claim for backpay

6

under the [MWPA]," and that BOPA "incorrectly concluded that it was bound under the statutory terms of the MWPA" rather than "FWP's statutorily authorized grievance policy." The District Court also awarded attorney fees. In an Order entered in December 2022, the District Court reasoned, without citation to authority, that "district courts, such as this Court, have the broad discretionary authority to award attorney fees on a case by case basis," and awarded attorney fees to Watson.

¶11 FWP appeals, challenging the District Court's reversal of BOPA and its granting of attorney fees.

**STANDARD OF REVIEW**

¶12 We review a district court order reviewing an agency action by employing the same standards that the district court used to review the agency decision. *Ostergren v. Dep't of Revenue*, 2004 MT 30, ¶ 11, 319 Mont. 405, 85 P.3d 738. The district court reviews an agency's interpretations and applications of law to determine whether they are correct. *Knowles v. State ex rel. Lindeen*, 2009 MT 415, ¶ 22, 353 Mont. 507, 222 P.3d 5. In reviewing an administrative agency's findings of fact, the standard of judicial review for the District Court and this Court is whether the findings are "clearly erroneous in view of the reliable, probative and substantial evidence in the whole record." Section 2-4-704(2)(a)(v), MCA; *State Pers. Div. of Dep't of Admin. v. BOPA*, 255 Mont. 507, 511, 844 P.2d 68, 71 (1992).

¶13 "This Court reviews for correctness a district court's decision as to whether legal authority exists to award attorney fees." *Hughes v. Ahlgren*, 2011 MT 189, ¶ 10, 361 Mont. 319, 258 P.3d 439. If legal authority exists to award attorney fees, "[w]e review a court's

7

order granting attorney fees for an abuse of discretion." *JRN Holdings, Ltd. Liab. Co. v. Dearborn Meadows Land Owners Ass'n*, 2021 MT 204, ¶ 18, 405 Mont. 200, 493 P.3d 340. "The test for an abuse of discretion is 'whether the trial court acted arbitrarily, without employment of conscientious judgment, or exceeded the bounds of reason resulting in substantial injustice.'" *In re A.S.*, 2006 MT 281, ¶ 24, 334 Mont. 280, 146 P.3d 778 (quoting *In re Custody and Parental Rights of C.J.K.*, 2005 MT 67, ¶ 13, 326 Mont. 289, 109 P.3d 232).

## DISCUSSION

¶14    1. *Whether the District Court erred by reversing BOPA's Final Agency Decision.*

¶15    FWP argues the District Court's reversal of BOPA's decision and reinstatement of the Hearing Officer's decision was in error "where BOPA's authority, and hence discretion, to remedy Watson's grievance was limited by the 30-day lookback provided for in § 2-18-203(3), MCA." FWP also offers that, even though BOPA "was statutorily limited to a 30-day backpay remedy for compensation claims," it nonetheless properly acted within its broad discretion to fashion remedies by relying on the three-year lookback provision of the MWPA "so FWP's resolution would stand to compensate Mr. Watson." In this way, FWP's payment of three years of backpay to Watson would provide a proper remedy and his grievance would be dismissed.

¶16    In response, Watson argues that FWP should be estopped from raising the 30-day limitation in § 2-18-203(3), MCA, because "FWP did not make this argument during the proceedings before the BOPA or to the District Court," and that neither the Final Agency Decision nor the District Court's decision made any reference to this issue. Watson notes

8

that FWP attempts to justify raising the issue anew on appeal by arguing it is merely "bolster[ing] [its] preserved issues with additional legal authority," citing *State v. Montgomery*, 2010 MT 193, ¶ 12, 357 Mont. 348, 239 P.3d 1012, but Watson urges that this is a completely new issue that was not preserved.

¶17    "The general rule in Montana is that this Court will not address either an issue raised for the first time on appeal or a party's change in legal theory." *Tai Tam, LLC v. Missoula County*, 2022 MT 229, ¶ 21, 410 Mont. 465, 520 P.3d 312 (citing *Unified Indus., Inc. v. Easley*, 1998 MT 145, ¶ 15, 289 Mont. 255, 961 P.2d 100). It is "fundamentally unfair to fault the trial court for failing to rule correctly on an issue it was never given the opportunity to consider." *Gateway Hosp. Grp. Inc. v. Phila. Indem. Ins. Co.*, 2020 MT 125, ¶ 15, 400 Mont. 80, 464 P.3d 44. Further, in the administrative law context, we have explained that "[u]nder MAPA, a party cannot raise an issue for judicial review that was not raised before the agency . . . unless good cause for failure to raise the issue is shown." *In re Transfer Terr. from Poplar Elem. Sch. Dist. No. 9 to Froid Elem. Sch. Dist. No. 65*, 2015 MT 278, ¶ 15, 381 Mont. 145, 364 P.3d 1222. Under the common law, a party cannot raise an issue for the first time on appeal unless the court accepts plain error review. *Paulson v. Flathead Conservation Dist.*, 2004 MT 136, ¶ 40, 321 Mont. 364, 91 P.3d 569.

¶18    FWP offers no good cause, § 2-4-702(1)(b), MCA, for failure to raise the issue below, and we agree with Watson that the possible application of § 2-18-203(3), MCA, was not properly preserved in the litigation. Neither BOPA nor the District Court ruled upon the issue. We therefore conclude the issue was waived.

9

¶19 That leaves FWP's argument that, in any event, BOPA properly exercised its discretion to fashion a remedy for Watson by reference to the three-year limitation within the MWPA in recognition that Watson's claim "could have been brought as a MWPA claim." FWP reasons that BOPA's use of the MWPA properly "harmonized BOPA's authority with other provisions that might be available" to Watson. Therefore, FWP urges that the District Court erred by reversing BOPA.

¶20 Throughout this multi-stage proceeding, the parties and arbiters have struggled with the interrelation between Watson's pay grievance and the MWPA. We conclude upon review of the statutes, and of the claim at issue, that they are separate proceedings, the MWPA does not govern here, and that the District Court correctly so ruled. Watson filed a grievance pursuant to FWP's grievance process, alleging a "serious matter of employment based upon work conditions." Section 87-1-205, MCA (2017); *see also* § 2-18-1011(1), MCA ("An employee or the employee's representative affected by the implementation of parts 1 through 3 of this chapter [classification and compensation] is entitled to file a complaint with the board of personnel appeals . . . ."). BOPA exercises authority over agency grievances pursuant to § 2-18-1012, MCA. The step-by-step grievance process is detailed within Admin. R. M. 24.26.403. The Legislature has imposed a 30-day limitation upon retroactive pay awarded in the grievance process, including all "compensation or classification" matters. Section 2-18-203(3), MCA (2017). No one has asserted that Watson did not appropriately pursue his payment claim through this grievance process.

10

¶21 In contrast, under the MWPA, § 39-3-201, et seq., MCA, an employee who is not paid "may recover all wages and penalties provided for" under the MWPA "by filing a complaint within 180 days of default or delay in the payment of wages." Section 39-3-207(1), MCA. The Commissioner of Labor "shall inquire diligently for any violations of this part and institute actions for the collection of unpaid wages and for the penalties provided for in this part . . . ." Section 39-3-209, MCA. The Commissioner may "take an assignment of the claim in trust for the employee and may maintain any proceeding appropriate to enforce the claim, including liquidated damages pursuant to this part." Section 39-3-211, MCA. A decision of a hearings officer on wages due, or the entry of a default, "may be enforced by application by the commissioner to a district court for an order or judgment enforcing the decision." Section 39-3-212(1), MCA. For a repeated violation, "an employee may recover wages and penalties for a period of 3 years . . . ." Section 39-3-207(3), MCA. Notably, "[a] penalty must also be assessed against and paid by the employer to the employee in an amount not to exceed 110% of the wages due and unpaid." Section 39-3-206(1), MCA. Further, a wage judgment "must include all costs reasonably incurred in connection with the proceeding, including attorney fees." Section 39-3-214(2), MCA. An employer who violates the MWPA is guilty of a misdemeanor, and county attorneys are authorized to prosecute the matter. Sections 39-3-206, -215, MCA. FWP offers that Watson "could have brought" an MWPA claim. Whether that is correct is an issue we need not reach here, because it is clear Watson appropriately sought relief for his underpayment of wages under FWP's pay plan through the forum of the agency grievance process. What is also clear is that the MWPA provides a process

11

independent from the agency grievance process, and neither the restrictions nor benefits of the separate MWPA are applicable here.

¶22 While FWP correctly argues that BOPA had broad or "full discretion," *Hutchin v. State*, 213 Mont. 15, 19, 688 P.2d 1257, 1260 (1984), to craft a resolution of Watson's grievance, such discretion does not extend to applying the incorrect authority to the grievance, which is an error of law. BOPA did so by applying the MWPA to Watson's grievance, which was pursued under the agency grievance process, and was subject to the separate statutes governing that process. Consequently, the MWPA's three-year limitation does not apply to Watson's claim, and we affirm the District Court's reinstatement of the Hearing Officer's pay determination.

¶23 2. *Whether the District Court erred by awarding attorney fees to Watson.*

¶24 FWP challenges the District Court's attorney fee award to Watson. In its Order, the District Court reasoned that Montana caselaw provides district courts with "broad discretionary authority to award attorney fees on a case by case basis." However, a district court's discretion must be exercised within the parameters of our precedent governing the awarding of attorney fees.

¶25 Montana follows the "American Rule" regarding fee awards, which provides that "absent statutory or contractual authority, attorney's fees will not be awarded to the prevailing party in a lawsuit." *Slauson v. Marozzo Plumbing & Heating*, 2009 MT 333, ¶ 27, 353 Mont. 75, 219 P.3d 509. This Court has recognized an exception to this general rule by "reserv[ing] the power to grant complete relief under its equity power," including attorney fees. *Foy v. Anderson*, 176 Mont. 507, 511, 580 P.2d 114, 116 (1978). However,

12

of necessity, "[t]he *Foy* exception is narrowly drawn and 'is applicable only where the action into which the prevailing party has been forced is utterly without merit or frivolous, and only in cases with particularly limited facts.'" *McCann v. McCann*, 2018 MT 207, ¶ 25, 392 Mont. 385, 425 P.3d 682 (quoting *Erker v. Kester*, 1999 MT 231, ¶ 44, 296 Mont. 123, 988 P.2d 1221). "[I]t is not automatically presumed that an award of attorney fees is necessary and proper . . . . If such were the case, an award of fees to the prevailing party would be warranted in every garden variety declaratory judgment action and the American Rule on attorney fees would be eviscerated. This Court has upheld the American Rule in the face of similar concerns." *Mungas v. Great Falls Clinic, LLP*, 2009 MT 426, ¶ 44, 354 Mont. 50, 221 P.3d 1230.

¶26 As FWP correctly argues, there is no contractual or statutory authority providing for attorney fee awards for prevailing parties here, including within the statutes governing the FWP grievance process. In contrast, recovery of attorney fees is provided by the MWPA for claims brought pursuant to that separate process. Section 39-3-214(2), MCA. As we have noted, this case was burdened with uncertainty over what statutes governed the process and the available relief, evident by reversal of the prior decision at every level of the process, and it was clearly not frivolous litigation or litigated inappropriately by FWP. *McCann*, ¶ 25 ("The *Foy* exception is narrowly drawn and 'is applicable only where the action into which the prevailing party has been forced is utterly without merit or frivolous, and only in cases with particularly limited facts.'") (citation omitted). Under these circumstances, an exception to the generally applicable American Rule is not established.

We therefore reverse the attorney fee award and remand for entry of an amended judgment consistent herewith.[7]

¶27    Affirmed in part, and reversed and remanded in part.


/S/ JIM RICE


We concur:

/S/ BETH BAKER
/S/ JAMES JEREMIAH SHEA
/S/ INGRID GUSTAFSON
/S/ DIRK M. SANDEFUR

---

[7] FWP also raises the limitations upon attorney fee awards against state agencies, including wage claims. *See Talon Plumbing & Heating, Inc. v. State Dep't of Labor & Indus.*, 2008 MT 376, ¶ 24, 346 Mont. 499, 198 P.3d 213.  Our decision here moots these arguments.