No. 03-284

IN THE SUPREME COURT OF THE STATE OF MONTANA

2004 MT 34

STATE OF MONTANA,

       Plaintiff and Respondent,

  v.

STEVEN LOZON,

       Defendant  and Appellant.

APPEAL FROM:    District Court of the Eighth Judicial District,
                      In and For the County of Cascade, Cause No. DC-02-029
                      Honorable Julie Macek, Presiding Judge

COUNSEL OF RECORD:

       For Appellant:

              Carl Jensen, Attorney at Law, Great Falls, Montana,

       For Respondents:

              Honorable Mike McGrath, Attorney General; Pamela P. Collins,
              Assistant Attorney General, Helena, Montana

              Brant Light, Cascade County Attorney, Great Falls, Montana

                  Submitted on Briefs:  December 4, 2003

                        Decided:  February 18, 2004

Filed:

              _____
                          Clerk

Chief Justice Karla M. Gray delivered the Opinion of the Court.

¶1     Steven Lozon (Lozon) appeals from the judgment entered by the Eighth Judicial District Court, Cascade County, on his conviction for felony criminal possession of dangerous drugs. We affirm.

¶2     The issue on appeal is whether the District Court abused its discretion in allowing testimony regarding a statement made by Lozon that he had used methamphetamine the night before his arrest.

## BACKGROUND

¶3     In January of 2002, Lozon was on probation pursuant to a sentence on a prior conviction and was being supervised by Montana Department of Corrections probation and parole officer Danny Williams (Williams). On January 10, 2002, at approximately 8:00 in the morning, Williams and his partner Jon Hirst conducted a probationary search of the room in which Lozon was living. During the search, Williams discovered, *inter alia*, a vial which he believed contained illegal narcotics. Lozon admitted the vial contained drugs, but would not respond when asked whether the vial was his. Williams then contacted the Great Falls Police Department and three police officers responded to the scene. One of the officers read Lozon his <u>Miranda</u> rights, following which Lozon stated he had used methamphetamine in his room the prior night. The officers then arrested Lozon. The substance in the vial subsequently was determined to be methamphetamine.

¶4     On January 24, 2002, the State of Montana (State) charged Lozon by information with the felony offense of criminal possession of dangerous drugs. Lozon pleaded not guilty to the offense and the case proceeded to a jury trial.

2

¶5      At trial, the State called Williams as one of its witnesses. Lozon objected to Williams testifying that Lozon stated he had used methamphetamine the night before he was arrested, arguing that it was evidence of a prior bad act and the State had failed to provide the required pretrial notice of its intent to use such evidence. The District Court initially sustained Lozon's objection. The State later requested the court to reconsider its ruling, asserting that Lozon's statement was admissible under the "transaction rule" because it was closely related to, and explanatory of, the charged offense of possession of dangerous drugs. After reconsideration, the District Court reversed its earlier ruling and allowed Williams to testify regarding Lozon's statement.

¶6      The jury ultimately found Lozon guilty of the offense of criminal possession of dangerous drugs. The District Court sentenced Lozon and entered judgment on the conviction and sentence. Lozon appeals.

## STANDARD OF REVIEW

¶7      A district court has broad discretion in determining the admissibility of evidence and we will not overturn the court's decision absent a showing of abuse of that discretion. State v. Strauss, 2003 MT 195, ¶ 18, 317 Mont. 1, ¶ 18, 74 P.3d 1052, ¶ 18.

## DISCUSSION

¶8      Did the District Court abuse its discretion in allowing testimony regarding Lozon's statement that he had used methamphetamine the night before his arrest?

¶9      Lozon asserts the District Court abused its discretion in allowing testimony that he stated he had used methamphetamine the night before he was arrested. He argues that his statement constitutes evidence of other crimes, which is generally inadmissible pursuant to

3

Rule 404(b), M.R.Evid., and the statement is not admissible under any of the exceptions contained within Rule 404(b). He further asserts the State failed to give notice of its intent to use the evidence as required by State v. Just (1979), 184 Mont. 262, 602 P.2d 957, and State v. Matt (1991), 249 Mont. 136, 814 P.2d 52.

¶10   Rule 404(b), M.R.Evid., provides that

> [e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

Moreover, in a criminal trial, when the prosecution chooses to present "other crimes" evidence for a legitimate purpose under Rule 404(b), it must provide the defendant with notice of its intent to introduce the evidence and a statement outlining the purpose for which the evidence is to be introduced. Just, 184 Mont. at 274, 602 P.2d at 963-64.

¶11   The State contends that Rule 404(b) and the notice requirement are inapplicable here because Lozon's statement to the law enforcement officers is not evidence of other crimes as contemplated by the Rule and notice requirements. The State relies on § 26-1-103, MCA, which provides that "[w]here the declaration, act, or omission forms part of a transaction which is itself the fact in dispute or evidence of that fact, such declaration, act, or omission is evidence as part of the transaction," as support for the admissibility of Lozon's statement.

¶12   Pursuant to the "transaction rule," evidence of matters which are inextricably linked to, and explanatory of, the charged offense is admissible notwithstanding the rules relating

4

to "other crimes" evidence. State v. Hayworth, 1998 MT 158, ¶¶ 31-32, 289 Mont. 433, ¶¶ 31-32, 964 P.2d 1, ¶¶ 31-32 (citations omitted).

> [I]t is well established that evidence which tends to explain circumstances surrounding the charged offense is relevant, probative and competent. When the court is not dealing with the introduction of evidence of wholly independent or unrelated crimes, the evidence is properly admitted.

State v. Wing (1994), 264 Mont. 215, 225, 870 P.2d 1368, 1374. Thus, a longstanding distinction exists between Rule 404(b) "other crimes" evidence and evidence of a defendant's misconduct which is inseparably related to the alleged criminal act. Where the evidence at issue is not wholly independent or unrelated to the charged offense, it is not "other crimes" evidence and the prosecution is not required to comply with the notice requirements of Just and Matt. State v. Trombley (1980), 190 Mont. 218, 220, 620 P.2d 367, 368.

¶13 Here, Lozon was charged with criminal possession of dangerous drugs after a vial containing methamphetamine was discovered in his room. His statement to law enforcement officers that he had used methamphetamine in his room the night before the search is closely related to the charged offense of possession of dangerous drugs, and is explanatory of the circumstances surrounding the offense, because it establishes his knowledge and possession of drugs in his room shortly prior to the early morning search.

¶14 We conclude that Lozon's statement is not "other crimes" evidence as contemplated by Rule 404(b), M.R.Evid., and testimony regarding the statement was admissible pursuant to the § 26-1-103, MCA, transaction rule. We hold, therefore, that the District Court did not

5

abuse its discretion in allowing Williams to testify about Lozon's statement that he had used methamphetamine the night before his arrest.

¶15     Affirmed.


                                        /S/ KARLA M. GRAY


We concur:


/S/ JIM REGNIER
/S/ W. WILLIAM LEAPHART
/S/ PATRICIA O. COTTER
/S/ JOHN WARNER