DA 08-0030

IN THE SUPREME COURT OF THE STATE OF MONTANA

2008 MT 356

STATE OF MONTANA,

      Plaintiff and Appellee,

  v.

ROBERT SCOTT STEARNS,

      Defendant and Appellant.

APPEAL FROM:    District Court of the Twenty-First Judicial District,
In and For the County of Ravalli, Cause No. DC 07-48
Honorable James A. Haynes, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Jim Wheelis, Chief Appellate Defender; Roberta R. Zenker, Assistant
Appellate Defender, Helena, Montana

      For Appellee:

          Hon. Mike McGrath, Montana Attorney General; J. Stuart Segrest, Assistant
Attorney General, Helena, Montana

Submitted on Briefs:  September 17, 2008

Decided:  October 21, 2008

Filed:

_____
                         Clerk

Justice Brian Morris delivered the Opinion of the Court.

¶1    Robert Scott Stearns (Stearns) appeals his convictions in the Twenty-First Judicial District, Ravalli County, for three counts of Indecent Exposure in violation of § 45-5-504(1)(b), MCA.  We affirm.

¶2    We review the following issue on appeal:

¶3    *Did the District Court abuse its discretion when it admitted evidence of Stearns's 1996 convictions for indecent exposure?*

## FACTUAL AND PROCEDURAL BACKGROUND

¶4    Hamilton police arrested Stearns in March of 2007.  Police identified him as a suspect in three indecent exposure incidents in Hamilton's River Park.  The incidents occurred September 19, November 8, and December 23 of 2006.  A man exposed himself and masturbated in front of a woman in each of the incidents.

¶5    The State charged Stearns with three counts of indecent exposure.  Soon after charging Stearns, the State submitted its *Just* notice of intent to introduce evidence of other crimes.  *State v. Just*, 184 Mont. 262, 602 P.2d 957 (1979).  The State intended to introduce evidence that Stearns had pled guilty in 1996 to two counts of indecent exposure, one count of sexual intercourse without consent, and had admitted that he was hiding by a trail, masturbating, while watching a fourth woman.  The State also intended to introduce evidence that Stearns was in prison from January 3, 1997 to March 14, 2006, and was under intensive supervision until July 19, 2006.

¶6    Stearns exposed himself and masturbated in front of two women jogging on the River's Edge Trail in Great Falls in 1996.  Stearns's 1996 rape conviction began in the same

2

manner, and culminated in Stearns chasing the woman down and forcing her to perform oral sex. The State sought to introduce the past offenses to show intent, knowledge, plan, identity and opportunity with respect to the 2006 charges.

¶7    Stearns conceded that evidence of the 1996 indecent exposure offenses was allowable under present law, but objected to evidence of the rape offense or time of incarceration. The District Court allowed the State to introduce evidence of the prior acts of indecent exposure, but agreed that the evidence of the rape and incarceration was too prejudicial.

¶8    Five witnesses, including the three victims, identified Stearns at trial as the man who had exposed himself in the park. The State offered evidence of cell phone records placing Stearns in Hamilton at the time of each incident. Stearns lived in Missoula. Detective Shook testified that Stearns initially had lied to him about ever having been in Hamilton or River Park. Stearns had changed his story about his whereabouts after Detective Shook informed him about the evidence against him, but Stearns still denied the indecent exposure allegations.

¶9    The District Court, the State, and Stearns's counsel discussed the form and timing of the proposed *Just* instructions before voir dire. The District Court, the State, and Stearns's counsel again discussed the form and timing of the proposed *Just* instructions after voir dire. The State referred to the 1996 incidents in its opening statement, and reminded the jury that the prior incidents were not the subject of this trial. Stearns's counsel, in his opening statement, conceded that Stearns was guilty of the 1996 offenses, but argued that Stearns was not guilty of the 2006 incidents at issue. The parties agreed on an "evidence of prior acts"

3

instruction. The District Court read the instruction to the jury as part of the preliminary instructions.

¶10 The Great Falls detective who had arrested Stearns in the 1996 incidents testified as part of the State's case. Stearns's counsel cross-examined the detective about the 1996 incidents. Stearns moved for a directed verdict of acquittal at the close of the State's case. The District Court denied the motion. The State twice moved the District Court to allow evidence of the 1996 sexual assault without consent conviction. The District Court denied both motions. Stearns testified about the 1996 convictions on direct. The State cross-examined Stearns about the 1996 incidents.

¶11 The District Court, the State, and Stearns's counsel again discussed the proposed *Just* instruction after the close of Stearns's case. The State mentioned the 1996 incidents in its closing argument. The State contended that the jury could consider their identical nature to the 2006 incidents. Stearns's counsel admitted in closing that Stearns was guilty of the 1996 indecent exposures in Great Falls, but warned the jury not to convict Stearns based on what had happened in Great Falls. The District Court read the agreed upon "evidence of other acts" instruction as part of the general charge to the jury.

¶12 Stearns did not object to the District Court's procedure. The jury convicted Stearns of all three counts of Indecent Exposure. The District Court entered judgment against Stearns on December 24, 2007. This appeal followed.

**STANDARD OF REVIEW**

4

¶13 We review a district court's evidentiary rulings for an abuse of discretion. *State v. Price*, 2007 MT 269, ¶ 10, 339 Mont. 399, ¶ 10, 171 P.3d 293, ¶ 10. A district court abuses its discretion when it acts arbitrarily without conscientious judgment or exceeds the bounds of reason. *Price*, ¶ 10.

## DISCUSSION

¶14 *Did the District Court abuse its discretion when it admitted evidence of Stearns's 1996 convictions for indecent exposure?*

¶15 Stearns argues that the District Court committed reversible error by failing to follow the necessary procedural requirements when it allowed evidence of his past convictions for indecent exposure. The State argues that the District Court followed proper procedures and that, in any case, Stearns waived his right to appeal this issue by failing to object before or during trial to the District Court's procedures and by actively participating in creating the alleged error. Stearns contends that even if he did not object he is still entitled to review because the alleged error affected a substantial right.

¶16 The modified *Just* rule guides a district court's decision to admit evidence of other crimes, wrongs, or acts as defined by M.R. Evid. 404(b). *State v. Ayers*, 2003 MT 114, ¶ 72-73, 315 Mont. 395, ¶ 72-73, 68 P.3d 768, ¶ 72-73. A party offering evidence of prior acts must comply with four substantive elements. *Ayers*, ¶ 76. In addition to satisfying the four substantive requirements of the modified *Just* rule, a party offering evidence of prior acts also must comply with three procedural requirements. *Ayers*, ¶ 77.

¶17    The procedural rules require the party offering the evidence of other crimes, wrongs, or acts to first provide proper notice of its intent to offer such evidence. The trial court shall explain to the jury at the time of the introduction of the evidence the limited purpose of such evidence. The procedural rules further require the court to admonish the jury in its final charge that such evidence has been received only for the limited purposes earlier stated and that the defendant is not being tried, and may not be convicted, for any offense except that presently charged. The court must warn the jury that to convict based on other offenses may result in unjust double punishment. *Ayers*, ¶ 77.

¶18    Stearns conceded the relevance and admissibility of the 1996 indecent exposure crimes evidence. Stearns contends, however, that the District Court did not properly admonish the jury at the introduction of the evidence and in its final charge. Before reaching the merits of the application of the modified *Just* rule, however, the issue must be properly before the Court.

¶19    We consider issues presented for the first time to be untimely and will not consider them on appeal. *Price*, ¶ 14. Absent an objection, an alleged error is not appropriate for review. *Price*, ¶ 15. We will not fault a trial court where that court has no opportunity to correct itself if warranted. *Price*, ¶ 14-15; § 46-20-104(2), MCA. Moreover, this Court has stated that a defendant must have objected to any procedural irregularities occurring after the prosecution gives notice under *Just* in order to constitute grounds for reversal. *State v. Mix*, 239 Mont. 351, 359, 781 P.2d 751, 756 (1989).

¶20 Stearns made no such objection, and the State argues that he actively participated in any alleged error. We agree. Stearns did not object to alleged procedural irregularities at any point during trial. Stearns's counsel did not object when specifically asked by the District Court if he had any objections to the proposed *Just* instructions. In fact, Stearns's counsel actively participated in formulating the *Just* instructions. We conclude that Stearns did not preserve this issue for appeal.

¶21 Stearns argues that even if he did not object, he is still entitled to review. He points to *Clark v. Norris*, 226 Mont. 43, 53, 734 P.2d 182, 188 (1987), for the proposition that failure to object waives a claim of error unless the claimed error affects a substantial right of a party. He contends that the *Just* procedural safeguards implicate the right to a fair trial, and that the District Court's alleged failure to implement the safeguards affected his substantial rights.

¶22 We did not reach the merits of the defendant's fair trial claim in *Clark*. We noted that Clark did not object to the court's alleged error at trial or in chambers although she had the opportunity to do so either time. We declined to consider the alleged error in light of the fact that Clark could point to no evidence that the failure to object had affected her right to a fair trial. *Clark*, 226 Mont. at 53, 734 P.2d at 188.

¶23 Stearns likewise failed to object at trial or in chambers, despite the opportunity to do so either time. Stearns's counsel actively participated in creating the alleged error. The District Court warned the jury during the preliminary instructions and in the general charge that the State offered evidence of the 1996 incidents for limited purposes, and that Stearns was not on trial for the prior acts. The State emphasized in its opening statement that Stearns

7

was not on trial for the 1996 charges. Substantial evidence pointed to Stearns's guilt apart from the previous convictions. No evidence supports Stearns's claim that the District Court violated Stearns's substantial rights or right to a fair trial. We conclude that the District Court did not abuse its discretion in admitting evidence of Stearns's 1996 convictions.

¶24    Affirmed.

/S/ BRIAN MORRIS

We Concur:

/S/ JOHN WARNER
/S/ PATRICIA COTTER
/S/ JAMES C. NELSON
/S/ JIM RICE