
DA 08-0333

IN THE SUPREME COURT OF THE STATE OF MONTANA

2009 MT 144

VERNON A. ANDERSON,

      Plaintiff and Appellant,

  v.

NANCY LEE WOODWARD,

      Defendant and Appellee.

APPEAL FROM:    District Court of the Seventeenth Judicial District,
In and For the County of Valley, Cause No. DV-07-74
Honorable John C. McKeon, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Peter L. Helland, Attorney at Law, Glasgow, Montana

      For Appellee:

          Nancy Lee Woodward, self-represented litigant, Visalia, California

          Submitted on Briefs:  February 25, 2009

                    Decided:  April 28, 2009

Filed:

      _____
                  Clerk

Justice Brian Morris delivered the Opinion of the Court.

¶1      Vernon A. Anderson (Anderson) appeals from a partition order of the Seventeenth Judicial District Court, Valley County, that settled interests in real property between Anderson and Nancy Lee Woodward (Woodward).  The order determined that Anderson had gifted certain real property to Woodward.  We affirm.

¶2      We review the following issue on appeal:

¶3      *Did the District Court correctly determine that Anderson had gifted to Woodward real property located at 636 Mahon?*

### FACTUAL AND PROCEDURAL BACKGROUND

¶4      Anderson filed suit against Woodward seeking partition of two separate real properties that the parties' had purchased during their eight-year relationship.  The relationship began in January of 1999 and ended in February of 2007.  The couple never married.

¶5      Anderson and Woodward owned and lived in separate residences in Ridgecrest, California when their relationship began.  Anderson moved into Woodward's California residence approximately six months after the relationship began.  Anderson inherited his parents' home located at 511 Francis in Glasgow, Montana, when his father died in August of 2000.  Anderson and Woodward began living half of the year at Anderson's Montana home and the other half of the year at Woodward's California home.

¶6      Anderson and Woodward acquired as joint tenants a property adjacent to 511 Francis in August of 2004. Anderson and Woodward paid for 513 Francis with $10,000 borrowed

from Anderson's home equity line of credit on the 511 Francis property. Anderson and Woodward agreed at the time of the purchase of 513 Francis that Woodward would clean up the property and pay for improvements to make it more attractive as a rental. Woodward also would pay $50 per month towards Anderson's loan until they were able to find tenants for the property. Anderson and Woodward planned to use the rental proceeds to pay off Anderson's loan. Woodward agreed to pay the real estate taxes. The agreement did not include payment for Woodward's labor in making improvements to the property.

¶7 Anderson and Woodward also acquired a property located at 636 Mahon in Glasgow in June of 2005. The deed listed the couple as joint tenants. Anderson paid $6,500 in cash for the property. The property is located within a block of the Francis Street properties and includes a house, shed, and garage. The house is uninhabitable. The property's current value is $5,300. The parties referred to the property as "the barn."

¶8 Anderson and Woodward separated in February of 2007. Anderson filed an action for partition in October of 2007. Anderson sought partition of both 513 Francis and 636 Mahon. The District Court conducted a bench trial on May 29, 2008. Anderson and Woodward each presented witnesses and other evidence. Both parties testified. The District Court considered detailed evidence of the relative contributions that Anderson and Woodward had made to 513 Francis, including acquisition costs, tax payments, and rental proceeds. The District Court distributed the 513 Francis property to Anderson and ordered him to pay Woodward $5,400 in recognition of Woodward's contributions to that property.

¶9 The District Court also considered detailed evidence regarding 636 Mahon.

3

Woodward testified that Anderson had bought the property as a gift for her. She testified that she had performed virtually all of the work on the property. Anderson attempted to rebut Woodward's testimony by cross-examining Woodward on her earlier statement at the pretrial conference that she "assumed [636 Mahon] was a gift." Woodward responded that she had meant that she assumed that Anderson had told the truth when he told her that he bought the property for her as a gift.

¶10     Anderson testified that he had bought the property for Woodward "to keep her busy." Anderson denied buying 636 Mahon as a gift for Woodward, although he admitted that he likely would have given Woodward the property as a gift if the couple had remained together. Anderson conceded that Woodward had paid property taxes for 636 Mahon until the couple separated. Anderson also conceded that Woodward had requested the tax bills for the property even after the couple's relationship had ended.

¶11     The District Court admitted into evidence a series of e-mail correspondence between Anderson and Woodward from May of 2007. The e-mails included Anderson's statements that "I bought the barn for you," and "I thought I was being nice by letting you have the barn." The District Court determined that Woodward was the sole owner of 636 Mahon based on the fact that Anderson had gifted the property to her. The District Court ordered Anderson either to distribute the 636 Mahon property to Woodward as her sole property or pay Woodward $5,300 for the property within 30 days. Anderson appeals the District Court's partition of 636 Mahon.

**STANDARD OF REVIEW**

4

¶12 We review a district court's findings of fact in an equitable action, including a partition action, to determine whether the findings are clearly erroneous. *Flood v. Kalinyaprak*, 2004 MT 15, ¶ 14, 319 Mont. 280, 84 P.3d 27; *In re Estate of Bradshaw*, 2001 MT 92, ¶ 11, 305 Mont. 178, 24 P.3d 211; M. R. Civ. P. 52(a). A finding is clearly erroneous if it is not supported by substantial credible evidence, if the trial court misapprehended the effect of the evidence, or if our review of the record convinces us that a mistake has been committed. *Talon v. State Dept. of Labor & Industry*, 2008 MT 376, ¶ 20, 346 Mont. 499, 198 P.3d 213. We view the evidence in the light most favorable to the prevailing party. *In re Bradshaw*, ¶ 11. The trial court determines the credibility of witnesses and the weight assigned to their respective testimony. *In re Bradshaw*, ¶ 11.

¶13 We review a district court's conclusions of law to determine whether those conclusions are correct. *Harding v. Savoy*, 2004 MT 280, ¶ 20, 323 Mont. 261, 100 P.3d 976. We review a district court's evidentiary rulings for an abuse of discretion. *State v. Stearns*, 2008 MT 356, ¶ 13, 346 Mont. 348, 195 P.3d 794. A district court abuses its discretion when it acts arbitrarily without conscientious judgment or exceeds the bounds of reason. *Stearns*, ¶ 13.

## DISCUSSION

¶14 *Did the District Court correctly determine that Anderson had gifted to Woodward real property located at 636 Mahon?*

¶15 Anderson argues that the evidence does not support the District Court's determination

5

that Anderson gifted 636 Mahon to Woodward. Anderson alleges that the trial record contains no evidence of a written transfer of 636 Mahon from Anderson to Woodward. Anderson points to § 70-20-101, MCA, to support his contention that Montana law requires evidence of a written transfer for any transfer of real property by gift or otherwise. Anderson also argues that the District Court's findings and conclusions contradict Montana's general law on gifts because the trial record is devoid of any evidence that Anderson had delivered 636 Mahon to Woodward as a gift.

¶16 The District Court correctly stated that partition actions sound in equity. *See Flood*, ¶¶ 17, 21; § 70-29-209(2), MCA. The district court has "great flexibility" in a partition action in fashioning appropriate relief for the parties. *Flood*, ¶ 17. The district court has the power to make compensatory adjustments between the respective parties according to the ordinary principles of equity. *Flood*, ¶ 21 (citing § 70-29-209(2), MCA). Partition actions should be fashioned to cause the least degree of harm to the cotenants and to confer no unfair advantage on any one cotenant. *Flood*, ¶ 21.

¶17 A rebuttable presumption exists that joint tenants own equal shares of the property. *See Flood*, ¶ 28; *Rausch v. Hogan*, 2001 MT 123, ¶ 24, 305 Mont. 382, 28 P.3d 460; *Matter of Estate of Dern Family Trust*, 279 Mont. 138, 151-52, 928 P.2d 123, 131 (1997). When a party presents evidence of unequal contribution to an asset, however, the presumption shifts. Evidence of unequal contribution leads to the presumption that the cotenants own the asset in proportion to their contribution. *Flood*, ¶¶ 23, 28; *Dern Family Trust*, 279 Mont. at 152-53, 928 P.2d at 132-33. The presumption where one contributes unequally to the purchase

6

price does not necessarily apply "where the relationship between the parties indicates that one might have intended to make a gift to the other." *Flood*, ¶ 23 (quoting *Dern Family Trust*, 279 Mont. at 152, 928 P.2d at 132).

¶18 The party who seeks to establish that the parties intended a division disproportionate to their contributions has the burden to demonstrate this intent. *Flood*, ¶¶ 23, 28; *Dern Family Trust*, 279 Mont. at 151-53, 928 P.2d at 131-33. "[A]ll relevant evidence of the parties' intent is admissible to sustain or rebut the presumptions." *Flood*, ¶ 23. The party may establish proof of a gift by parol evidence, such as conduct over the course of time, the relationship between the two parties, the sharing of expenses, labor, or any other admissible means. *Flood*, ¶¶ 23-28; *Dern Family Trust*, 279 Mont. at 151-53, 928 P.2d at 131-33.

¶19 The District Court allowed each party to introduce extensive evidence of the parties' intent as to 636 Mahon. The District Court concluded that Anderson was the sole owner of 636 Mahon. The District Court determined that Anderson had "overcome the presumption of joint ownership by proving a gift of this property." The District Court determined that Anderson's testimony regarding 636 Mahon was not credible "in light of his acknowledgment in Exhibit 16 that he bought [636 Mahon] for [Woodward]."

¶20 Exhibit 16 consisted of a series of e-mail correspondences between Anderson and Woodward from May of 2007. The e-mails included discussions and arguments between the parties about how they should divide the various properties. The e-mails also contained personal accusations and recriminations. In the exchange emphasized by the District Court, Anderson stated to Woodward that he had bought the 513 Francis property and that he had

7

put Woodward's name on the title because he thought that they would be together forever and that she should have the house "if he went first." Anderson then declared "I bought the barn for you."

¶21 Anderson argues that he sought to admit Exhibit 16 into evidence only to provide a more complete picture of the e-mail exchange after the District Court had admitted Woodward's Exhibit A over Anderson's objection. Exhibit A included selected e-mails from the May 2007 e-mail correspondence. Woodward testified that she sought to admit the e-mails contained in Exhibit A in order to prove that Anderson had gifted 636 Mahon to her. She testified that she had included only a portion of the e-mails because of the ugly personal nature of the rest of the e-mails.

¶22 Exhibit A included Anderson's statements that "I bought the barn for you," and "I thought I was being nice by letting you have the barn." Anderson argued that the e-mails were inadmissible as they constituted evidence of compromise made in anticipation of trial. Anderson contended that his statement that "I bought 636 Mahon for you" was "not the kind of statement that should be binding the parties."

¶23 Anderson does not mention that he testified about the statement he now disputes before Woodward sought to admit the statement into evidence. In Anderson's direct testimony, his counsel noted that "there's been some correspondence during the negotiation between you and Miss Woodward, and I believe some of that correspondence may state the words that you bought [636 Mahon] for her." Anderson's counsel then asked, "[b]ut you didn't buy it for her to be a gift to her?" Anderson responded that he had not bought the

property as a gift for Woodward, but "I did buy [636 Mahon] for her to keep her busy."

¶24    A district court possesses "broad discretion" in its determination of what evidence is relevant and admissible. *State v. White*, 2009 MT 26, ¶ 7, 349 Mont. 109, 201 P.3d 808. The District Court in this partition action further possessed "great flexibility" in fashioning equitable relief for the parties. *Flood*, ¶ 17. The e-mails between Anderson and Woodward constituted "relevant evidence" admissible to sustain or rebut the presumptions of ownership of joint tenants of property. *Flood*, ¶ 23. The e-mails were evidence that the District Court properly could consider in determining whether the relationship between the parties indicated that Anderson "might have intended to make a gift" to Woodward. *Flood*, ¶ 23 (quoting *Dern Family Trust*, 279 Mont. at 152, 928 P.2d at 132). We will not fault the District Court for using its "broad discretion" and "great flexibility" to admit into evidence statements by Anderson to which Anderson himself earlier had testified. *White*, ¶ 7; *Flood*, ¶ 23.

¶25    The District Court considered extensive evidence and testimony from Woodward and Anderson regarding the parties' relationship, their conduct over the years, their labor toward improving the various properties, payment of taxes, sharing of expenses, and the parties' e-mail correspondence after the separation and before Anderson filed the partition action. *See Flood*, ¶¶ 23-28; *Dern Family Trust*, 279 Mont. at 151-53, 928 P.2d at 131-33. The District Court determined Woodward's version of events to be more credible than Anderson's version. The court further determined that Anderson had intended to gift the property to Woodward and that delivery of the property was complete before the parties'

9

separation when Woodward accepted responsibility for the property and commenced payment of taxes on the property. The court thus concluded that Woodward had met her burden of rebutting the presumption that the couple held the property equally as joint tenants.

¶26 The District Court properly considered "all relevant evidence" in considering whether Anderson had gifted 636 Mahon to Woodward. *Flood*, ¶ 23. We review this evidence in the light most favorable to Woodward. *In re Bradshaw*, ¶ 11. We will not disturb the District Court's determination that Anderson's testimony lacked credibility. *In re Bradshaw*, ¶ 11. We are convinced, viewing the evidence in this light, that substantial credible evidence supports the District Court's partition of 636 Mahon. *Talon*, ¶ 20. We do not believe that the District Court misapprehended the effect of the evidence. *Talon*, ¶ 20. The District Court properly exercised its power to fashion appropriate relief for Anderson and Woodward according to the ordinary principles of equity. *Flood*, ¶ 21; § 70-29-209(2), MCA.


¶27 Affirmed.

/S/ BRIAN MORRIS

We Concur:

/S/ MIKE McGRATH
/S/ PATRICIA COTTER
/S/ JOHN WARNER
/S/ JIM RICE