JUSTICE NELSON,
specially concurring.
¶53 I join the Court’s Opinion on Issues 1 and 2. In particular, as to Issue 1, I agree that errors involving jury selection are structural errors which require automatic reversal. Opinion, ¶ 32; State v. Matt, 2008 MT 444, ¶¶ 31-32, 40, 347 Mont. 530, 199 P.3d 244. But I specially concur as to Issues 3 and 4. In addition, I note, as a preliminary matter, that the Court’s statement of the standard of review is incorrect, or at least incomplete.
*26 STANDARD OF REVIEW
¶54 The Court states that “[t]he abuse of discretion standard also applies in reviewing a trial court’s decision whether to admit evidence of other crimes, wrongs or acts” under M. R. Evid. 404(b). Opinion, ¶ 28; accord State v. Campa, 2009 MT 251, ¶ 15, 351 Mont. 504, 213 P.3d 1102. It is true, and we have often stated, that a trial court’s evidentiary rulings are reviewed for abuse of discretion. See e.g. State v. Crosley, 2009 MT 126, ¶ 26, 350 Mont. 223, 206 P.3d 932; State v. Herman, 2009 MT 101, ¶ 19, 350 Mont. 109, 204 P.3d 1254; State v. Clark, 2008 MT 419, ¶ 13, 347 Mont. 354, 198 P.3d 809; State v. Stearns, 2008 MT 356, ¶ 13, 346 Mont. 348, 195 P.3d 794.
¶55 But there is no “discretion” in properly interpreting a statute or rule of evidence. See State v. Mizenko, 2006 MT 11, ¶ 8, 330 Mont. 299, 127 P.3d 458; Hagener v. Wallace, 2002 MT 109, ¶ 12, 309 Mont. 473, 47 P.3d 847. The court’s interpretation is either correct or incorrect. Cf. State v. Swann, 2007 MT 126, ¶ 19, 337 Mont. 326, 160 P.3d 511 (‘There either is, or is not, sufficient evidence to convict, and the determination is not a matter of discretion.’). Indeed, it is beyond cavil that the interpretation of a statute or rule constitutes a conclusion of law, which we review de novo. See State v. Dunning, 2008 MT 427, ¶ 22, 347 Mont. 443, 198 P.3d 828; State v. Triplett, 2008 MT 360, ¶ 13, 346 Mont. 383, 195 P.3d 819; Miller v. District Court, 2007 MT 149, ¶ 22, 337 Mont. 488, 162 P.3d 121; Faulconbridge v. State, 2006 MT 198, ¶¶ 46-57, 333 Mont. 186, 142 P.3d 777; Mizenko, ¶ 8.
¶56 Accordingly, we have stated-^epeatedly-fitiat to the extent a trial court’s evidentiary ruling is based on the interpretation of a statute or rule, our review is de novo. See State v. Derbyshire, 2009 MT 27, ¶ 19, 349 Mont. 114, 201 P.3d 811; State v. Mackrill, 2008 MT 297, ¶ 37, 345 Mont. 469, 191 P.3d 451; State v. Bomar, 2008 MT 91, ¶ 14, 342 Mont. 281, 182 P.3d 47; State v. Gittens, 2008 MT 55, ¶ 10, 341 Mont. 450, 178 P.3d 91; State v. McOmber, 2007 MT 340, ¶ 10, 340 Mont. 262, 173 P.3d 690; State v. Skinner, 2007 MT 175, ¶ 15, 338 Mont. 197, 163 P.3d 399; In re T.W., 2006 MT 153, ¶ 8, 332 Mont. 454, 139 P.3d 810; State v. Price, 2006 MT 79, ¶ 17, 331 Mont. 502, 134 P.3d 45; State v. Incashola, 1998 MT 184, ¶ 9, 289 Mont. 399, 961 P.2d 745.
¶57 Here, the evidentiary rulings at issue were based on the trial court’s interpretation of §26-1-103, MCA, and M. R. Evid. 404(b); i.e., they were based on conclusions of law. Our review of those rulings, therefore, is plenary. Bomar, ¶ 14.
*27 Issue 3
¶58 With respect to Issue 3,1 completely agree with the Court that the transaction rule[1] “must not be expanded to the point that the prohibition of character evidence under M. R. Evid. 404(b) is swallowed.” Opinion, ¶ 46.1 believe that here, however, Berosik’s prior acts (e.g., the sexually charged conversations and contacts with his stepdaughters) during the years preceding the charged offenses do not “form[ ] part of a transaction which is itself the fact in dispute.” Section 26-1-103, MCA. The “transaction which is itself the fact in dispute” is whether Berosik had sexual intercourse with B.W. and R.W. in March 2005. Section 45-5-507(1), MCA (defining incest). None of those earlier events form part of this alleged transaction.
¶59 Likewise, evidence of Berosik’s prior acts is not “evidence of [the fact in dispute].” Section 26-1-103, MCA. Berosik could be guilty of having sexual intercourse with his stepdaughters in March 2005 irrespective of whether he committed the prior acts. In other words, the prior sexually charged conversations and contacts with his stepdaughters are in no way “‘inextricably linked to’ ’’the question of whether he had sexual intercourse with the girls in March 2005.[2] Crosley, ¶ 48 (quoting State v. Lozon, 2004 MT 34, ¶ 12, 320 Mont. 26, 85 P.3d 753).
¶60 For these reasons, I cannot agree with the Court’s reliance on the transaction rule, and I fear that we are again reading § 26-1-103, MCA, more broadly than its language allows, contrary to the first maxim of statutory interpretation: “In the construction of a statute, the office of the judge is simply to ascertain and declare what is in terms or in substance contained therein, not to insert what has been omitted or to omit what has been inserted.” Section 1-2-101, MCA. The State did not charge a continuing course of conduct. It charged two specific instances of conduct alleged to have occurred in March 2005. Berosik’s sexually charged conversations and contacts with his stepdaughters at *28 other times and places simply do not “form! ] part of’the instances of sexual contact in March 2005. Section 26-1-103, MCA. The maverick Pac-Man has blipped to yet another case. Crosley, ¶ 67 (Nelson & Cotter, JJ., specially concurring).
¶61 This is not to say that evidence of Berosik’s prior acts is per se irrelevant or inadmissible. To the contrary, I believe that the evidence of “grooming” proffered by the State in this case was probative of his guilt. But for the reasons stated above, I must disagree with the Court that such evidence is admissible because it ‘forms part of a transaction which is itself the fact in dispute or evidence of that fact.” Section 26-1-103, MCA.
¶62 In its Notice of Intent to Introduce Other Acts Evidence Pursuant to M. R. Evid. 404(b) and/or the ‘Transaction Rule,” the State argued a “complete the story”rationale for admitting the evidence of Berosik’s prior acts under the transaction rule. Yet, a “complete the story” or “explain the circumstances” definition of the transaction rule threatens to override M. R. Evid. 404(b).
A defendant’s bad act may be only tangentially related to the charged crime, but it nevertheless could “complete the story” or ‘incidentally involve” the charged offense or “explain the circumstances.” If the prosecution’s evidence did not “explain” or ‘incidentally involve” the charged crime, it is difficult to see how it could pass the minimal requirement for admissibility that evidence be relevant. . . . [A]ll relevant prosecution evidence explains the crime or completes the story. The fact that omitting some evidence would render a story slightly less complete cannot justify circumventing Rule 404(b) altogether. Moreover, evidence necessary to complete a story-for instance by furnishing a motive or establishing identity-typically has a non-propensity purpose and is admissible under Rule 404(b). We see no reason to relieve the government and the district court from the obligation of selecting from the myriad of non-propensity purposes available to complete most any story.
United States v. Bowie, 232 F.3d 923, 928-29 (D.C. Cir. 2000) (paragraph break omitted).
¶63 In my view, therefore, the correct approach is to analyze the admissibility of the evidence of Berosik’s prior acts pursuant to Rule 404(b), which the prosecutor did as an alternative ground for introducing the evidence. In this regard, while I do not conduct here a comprehensive analysis under Rule 404(b), I tend to agree -with the prosecutor’s argument that the evidence of Berosik’s grooming of his stepdaughters may constitute “preparation” under Rule 404(b).
*29 Issue 4
¶64 I concur in the result of Issue 4 based on the caselaw cited in ¶ 50 and the facts discussed in ¶ 51. Importantly, Berosik has failed to present a persuasive argument on appeal that Wanda lacked authority to search for and seize evidence from Berosik’s truck. Moreover, Berosik has no standing to prevent Wanda from seizing and turning over to law enforcement the various sex toys and “gifts” which he gave to the girls. Those items belonged to them and were no longer his. See State v. 1993 Chevrolet Pickup, 2005 MT 180, ¶¶ 14-17, 328 Mont. 10, 116 P.3d 800 (once a person voluntarily relinquishes or intentionally abandons his property, his expectation of privacy in that property is abandoned as well). Finally, Berosik fails to argue effectively that private searches violate Article II, Sections 10 and 11 of the Montana Constitution and, therefore, that the exclusionary should apply.
¶65 On the foregoing basis, I concur.

 “Where the declaration, act, or omission forms part of a transaction which is itself the fact in dispute or evidence of that fact, such declaration, act, or omission is evidence as part of the transaction.” Section 26-1-103, MCA.

 The Court omits the critical qualifier ‘inextricably” and inserts a new qualifier: “closely.” See Opinion, ¶¶ 46, 47 (‘[T]he evidence of Berosik’s [prior acts] . . . were closely linked to and explanatory of the charges.’). Yet, while our transaction-rule jurisprudence is far from a model of clarity, we have at least been consistent in requiring that the evidence be ‘inextricably” or ‘inseparably” linked to the charged offense, not merely “closely” linked. See Derbyshire, ¶¶ 31-32; see also Crosley, ¶ 71 (Nelson & Cotter, JJ., specially concurring), and cases cited therein.