DA 09-0329

IN THE SUPREME COURT OF THE STATE OF MONTANA

2010 MT 66N

CYNTHIA WEDGE,

      Plaintiff and Appellee,

  v.

CARL MILLARD,

      Defendant and Appellant.

APPEAL FROM:     District Court of the Thirteenth Judicial District,
In and For the County of Yellowstone, Cause No. DV 2008-0472
Honorable Susan P. Watters, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Jack E. Sands, Attorney at Law, Billings, Montana

      For Appellee:

          William J. O'Connor, II., O'Conner & O'Connor, P.C., Billings, Montana

Submitted on Briefs:  March 10, 2010

Decided:  March 30, 2010

Filed:

_____
Clerk

Justice Patricia O. Cotter delivered the Opinion of the Court.

¶1     Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2006, the following memorandum decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2     On March 27, 2008, Cynthia Wedge (Cynthia) filed a complaint in the Thirteenth Judicial District Court requesting an equitable partition of a home and bobcat construction equipment jointly owned by her and Appellant Carl Millard (Carl). In connection with the partition action, Cynthia was granted a temporary order of protection by the District Court against Carl on March 31, 2008. After a hearing, the District Court made the temporary order permanent on April 18, 2008. On September 2, 2008, the District Court granted a motion by Cynthia to compel discovery and ordered that Cynthia's request for attorney fees in connection with this motion would be heard at the bench trial.

¶3     A bench trial was held on November 5, 2008. Cynthia and Carl presented evidence and testified at trial. The District Court found that Cynthia had invested $237,086.84 towards the construction of the home, while Carl contributed labor. Cynthia brought this money into the relationship from personal savings, pension benefits and the sale of a house in South Dakota. Cynthia acquired these assets before she met Carl in Montana in 1999, and before they agreed to build a house together. After she and Carl

were together, Cynthia borrowed money to complete the home construction and to pay for a 2001 Dodge pickup. The parties also had purchased a bobcat, various attachments, and a trailer to support a joint business venture called "One Eyed Bobcat." Cynthia wanted these items sold so that the proceeds could be used to pay down the bank loans. Cynthia also claimed she was owed $16,680 to reimburse her for the value of a 1999 GMC pickup which she had traded in and used to purchase the 2001 Dodge pickup which Carl had in his possession. Carl argued that he owned the house 50-50 with Cynthia based on financial contributions and his labor. The District Court did not find his testimony and evidence in this regard credible.

¶4     In its conclusions of law, the District Court found that Carl and Cynthia had entered into two business relationships. One was a joint venture to purchase land and build a house. The second was a corporation called "One Eyed Bobcat." The assets of the joint venture were the house and the land. The assets of the corporation were the bobcat, its accessories, trailer, and the 2001 Dodge pickup. The District Court concluded that the parties had an agreement whereby Cynthia would be able to recoup her initial investment in the house, with any remaining profits to be divided between the parties. Concluding that there was "no question" that Cynthia had paid for the land and construction costs of the house, the District Court held that Cynthia was entitled to recoup a total of $237,086.84 for the house. The District Court determined that Cynthia was not entitled to reimbursement for the 2001 Dodge pickup. The District Court further ordered that the bobcat, its attachments, and the trailer be sold and the proceeds be used to pay down loans acquired by Cynthia. The District Court also ordered Cynthia's

3

attorney to submit an affidavit for attorney fees in connection with the motion to compel. Following a hearing on attorney fees, the District Court awarded fees to Cynthia in the amount of $3,027.50. Judgment was entered on March 27, 2009.

¶5 On June 2, 2009, the District Court granted a M. R. Civ. P. 70 motion filed by Cynthia, directing the Clerk of Court to transfer the real property to Cynthia. Finally, on August 26, 2009, the District Court granted Cynthia's motion for attorney fees incurred in connection with the Rule 70 motion.

¶6 Carl now appeals from the order of protection, the partition order awarding Cynthia the proceeds from the sale of the house, bobcat, and other property, and the two orders granting Cynthia attorney fees. We affirm.

¶7 The District Court's decision to issue the permanent order of protection and its decisions to grant an award of attorney fees are reviewed for an abuse of discretion. *In re Marriage of Lundstrom*, 2007 MT 304, ¶ 12, 340 Mont. 83, 172 P.3d 588 (permanent order of protection); *JTL Group, Inc. v. New Outlook, LLP*, 2010 MT 1, ¶ 31, 355 Mont. 1, 223 P.3d 912 (attorney fees). We review the findings in the District Court's order regarding the equitable partition under the clearly erroneous standard. *Anderson v. Woodward*, 2009 MT 144, ¶ 12, 350 Mont. 343, 207 P.3d 329. The evidence is viewed in a light most favorable to the prevailing party with deference given to the District Court's determinations regarding the credibility of the witnesses and the weight assigned to their testimony. *Anderson*, ¶ 12.

¶8 We conclude that Carl has failed to demonstrate that the District Court's findings in support of the partition order were clearly erroneous. The District Court did not find

4

Carl to be a credible witness, and gave greater weight to Cynthia's testimony and evidence. Viewing the evidence in a light most favorable to Cynthia as the prevailing party, we conclude that Carl has not pointed to anything in the record which would compel us to overturn the District Court's credibility determinations, and the weight it assigned to the evidence before it. Because the District Court's ultimate decision regarding the disposition of the property turned on the credibility of the parties and weight of the evidence, we decline to disturb its decision.

¶9 Similarly, we see no abuse of discretion in the District Court's orders regarding the permanent order of protection, or the award of attorney fees.

¶10 We have determined to decide this case pursuant to Section 1, Paragraph 3(d) of our 1996 Internal Operating Rules, as amended in 2006, which provides for memorandum opinions. It is manifest on the record before us that the District Court did not err in its orders when it partitioned the property, nor did it abuse its discretion when it granted Cynthia a permanent order of protection and an award of attorney fees. Affirmed.

/S/ PATRICIA O. COTTER

We concur:

/S/ MIKE McGRATH
/S/ W. WILLIAM LEAPHART
/S/ BRIAN MORRIS
/S/ JIM RICE

5