JUSTICE LEAPHART
delivered the Opinion of the Court.
¶1 Appellant Michael Dambrowski filed a motion to enforce the terms of a settlement agreement in the Fourth Judicial District Court, Missoula County. Respondent Champion International Corp. (Champion) subsequently satisfied its settlement obligation to Dambrowski. Dambrowski, however, requested the assessment of interest for the forty-five days which elapsed between the date of settlement and the date Champion finally paid its settlement obligation. The District Court denied Dambrowski’s request for interest, and Dambrowski appeals. We affirm the judgment of the District Court.
¶2 We restate the sole issue on appeal as follows:
¶3 Did the District Court err in concluding that, under the facts of this case, forty-five days to complete a settlement agreement was not unreasonable?
*220 FACTUAL AND PROCEDURAL BACKGROUND
¶4 On September 7, 1994, Michael Dambrowski filed a complaint against Champion, Compensation Adjusters, Inc., and Carol Posterino. Dambrowski subsequently settled his claims against Compensation Adjusters, Inc., and Carol Posterino. On March 3, 2001, Dambrowski reached a settlement agreement with Champion. In negotiating the settlement agreement, Dambrowski and Champion did not discuss or agree on any particular deadline for performance and completion of the settlement agreement.
¶5 On April 9,2001, Dambrowski filed a motion to enforce the terms of his settlement agreement with Champion. Dambrowski also requested interest in the amount of $21.92 per day for each day which elapsed between the date of settlement and the date Champion would ultimately satisfy its settlement obligation. Champion satisfied its settlement obligation on April 17, 2001. On August 1, 2001, the District Court issued an order denying Dambrowski’s request for interest on the forty-five days which elapsed between March 3, 2001, and April 17, 2001. Dambrowski filed a timely appeal.
STANDARD OF REVIEW
¶6 The construction and interpretation of a contract is a question of law for the court to decide. Ophus v. Fritz, 2000 MT 251, ¶ 19, 301 Mont. 447, ¶ 19, 11 P.3d 1192, ¶ 19. We review a district court’s conclusions of law for correctness. Ophus, ¶ 19.
¶7 The question of whether a given length of time is reasonable can be either a question of fact or a question of law, depending upon the surrounding circumstances. Dunjo Land Co. v. Hested Stores Co. (1973), 163 Mont. 87, 90,515 P.2d 961, 962; State v. Board of Comm’rs (1930), 89 Mont. 37, 296 P. 1. We review a district court’s findings of fact to ascertain whether they are clearly erroneous. Daines v. Knight (1995), 269 Mont. 320, 324, 888 P.2d 904, 906. A finding is clearly erroneous if it is not supported by substantial evidence, if the trial court misapprehended the effect of the evidence, or if our review of the record convinces us that a mistake has been committed. Marriage of Kovarik, 1998 MT 33, ¶ 20, 287 Mont. 350, ¶ 20, 954 P.2d 1147, ¶ 20.
DISCUSSION
¶8 Did the District Court err in concluding that, under the facts of this case, forty-five days to complete a settlemént agreement was not unreasonable?
¶9 This Court has previously determined that settlement agreements *221 are contracts, subject to the provisions of contract law. See Kienas v. Peterson (1980), 191 Mont. 325, 328, 624 P.2d 1, 2. In the instant case, the terms of the settlement agreement are undisputed. Champion agreed to pay Dambrowski $80,000.00, and Dambrowski agreed to sign a standard release of claims form. However, it is also undisputed that Dambrowski and Champion did not discuss or agree on any particular deadline for performance and completion of the settlement agreement. ¶10 Section 28-3-601, MCA (1999), which addresses situations where the time of performance is not specified in a contract or other obligation, provides:
If no time is specified for the performance of an act required to be performed, a reasonable time is allowed. If the act is in its nature capable of being done instantly (for example, if it consists in the payment of money only), it must be performed immediately upon the thing to be done being exactly ascertained.
¶11 Dambrowski asserts that because Champion’s sole obligation under the settlement agreement was to pay him $80,000.00, Champion was required under § 28-3-601, MCA (1999), to perform its obligation immediately. Dambrowski therefore alleges that he was entitled to recover interest on the unpaid money commencing the day after the settlement was reached. Champion counters that its performance under the settlement agreement consisted of more than “the payment of money only,” and therefore was not “capable of being done instantly,” as contemplated in § 28-3-601, MCA (1999). Champion contends that in addition to paying Dambrowski $80,000.00, it was required to: (1) prepare a mutually agreeable release of claims form and (2) submit a stipulation for dismissal of the case. Champion maintains that because instant performance was not feasible, its immediate performance was not required, and therefore, the District Court did not err in refusing to award Dambrowski interest during the passage of the “reasonable time” necessary for it to complete performance of the settlement agreement. Champion further asserts that forty-five days was a “reasonable time” for its completion of performance.
¶12 First, we conclude that because Champion’s obligation under the settlement agreement consisted of more than just the payment of money, it was not feasible for Champion to perform its obligation instantly. Therefore, pursuant to § 28-3-601, MCA (1999), Champion was allowed a reasonable time period in which to complete its performance. The question we must reach, however, is whether, under the facts of this case, the District Court erred in concluding that forty- *222 five days was a reasonable time.
¶13 The ideal would be for us to forge a hard and fast rule alerting litigants that, in all situations in which a settlement agreement is silent as to the date of performance, a “reasonable time” for the completion of one’s settlement obligations is “x” number of days. However, it is not that simple. If the terms of the settlement at hand are fairly routine, it may be that only 7 to 10 days are needed for all terms of the agreement to be accomplished. If the details of the agreement are more complex, more time may be required. Unfortunately, there is no way we can fashion a one-size-fits-all “reasonable time” period that takes into account every variable or contingency a settlement agreement may incorporate. As this Court stated in Walters v. Getter (1988), 232 Mont. 196, 200, 755 P.2d 574, 576-77 (citing Henderson v. Daniels (1922), 62 Mont. 363, 373-74, 205 P. 964, 967): “ ‘Reasonable time’ is defined to be so much time as is necessary, under the circumstances, to do conveniently what the contract or duty requires should be done in a particular case.” Further, “When the facts are clearly established or are admitted or undisputed, the question of what is a reasonable time is one of law.” Walters, 232 Mont. at 200, 755 P.2d at 577. Such is the case here.
¶14 As noted above, the question of what constitutes a “reasonable time” does not lend itself to a bright-line definition. Reasonableness hinges upon the underlying factual circumstances, which, in turn vary from case to case. Thus, we conclude that the question of whether a party has performed its obligations under a settlement agreement within a “reasonable time” must be assessed by a district court on a case-by-case basis, taking into account the matters that need to be accomplished before a settlement can be finalized.
¶15 In addressing this question of law, the District Court reasoned as follows:
The amount of time accruing is between March 3,2000, and April 17,2000, or 45 days. Certainly, this delay is important and caused concern to Plaintiff and his counsel, although it seems to the Court inappropriate to award interest in this matter given the fact that there was never any question that the settlement had been reached and that the documents were being processed. This Court does not mean to allow for open-ended resolution of cases and believes that they should be resolved within a reasonable amount of time. In this case, given the issues, complexity and difficulties encountered, 45 days is not an excessive time.
¶16 We hold that the District Court was not incorrect in *223 concluding, under the facts of this case, that forty-five days was a reasonable amount of time.
¶17 Despite the dissent’s protestations, there is no need to overrule our decision in Hetherington v. Ford Motor Company (1993), 257 Mont. 395, 849 P.2d 1039. Hetherington dealt with the issue of whether, in the absence of a signed written agreement, there was a meeting of the minds sufficient to form a binding settlement agreement. The Court held that there was a meeting of the minds as to the material elements of the agreement, and thus it was enforceable. Unlike the present case, there was no issue as to the time of performance and, for that reason, the Court did not address the requirements of § 28-3-601, MCA. The fact that there has been a meeting of the minds at a particular point in time does not necessarily mean payment of money is the only act; that it is capable of being done instantly; or that it must be performed immediately. See § 28-3-601, MCA. The fact that the typical settlement agreement contemplates more than the mere payment of money is evidenced by the Court’s statement in Hetherington that a court, acting in equity, “can grant specific performance by ruling that a simple release of all Hetherington’s claims be executed, the form of which it would approve, and dismiss the lawsuit with prejudice.” Hetherington, 257 Mont. at 401, 849 P.2d at 1043. If the payment of money were the only act at issue, there would be no need for a court to order specific performance of the release and dismissal. Hetherington’s holding as to meeting of the minds and enforceability does not conflict with our conclusion herein that § 28-3-601, MCA, allows parties a reasonable time to perform the contract.
¶18 Finally, as is apparent from our holding that “reasonableness” will generally hinge upon the particular facts of each case, we cannot overstate the importance of the parties’ negotiating a date of performance when reaching a settlement agreement. With a mutually agreeable target date for performance, the parties will know when and if prejudgment interest will begin to accrue, and they can avoid the prospect and cost of a court making the decision for them.
¶19 For the foregoing reasons, the judgment of the District Court is affirmed.
CHIEF JUSTICE GRAY, JUSTICE WARNER and DISTRICT JUDGE WATTERS, sitting for JUSTICE REGNIER concur.