No. 03-316

IN THE SUPREME COURT OF THE STATE OF MONTANA

2004 MT 348

VICTORIA WYANT,

Plaintiff and Appellant,

v.

KATHY I. KENDA and JOHN DOES 1 - 10,

Defendants and Respondents.

APPEAL FROM:    District Court of the Eighteenth Judicial District,
In and For the County of Gallatin, Cause No. DV 2002-299,
Honorable Wm. Nels Swandal, Presiding Judge

COUNSEL OF RECORD:

For Appellant:

Martin R. Studer, Attorney at Law, Bozeman, Montana

For Respondents:

Daniel J. Roth, Attorney at Law, Bozeman, Montana

Submitted on Briefs:  October 24, 2003

Decided:  December 7, 2004

Filed:

_____
Clerk

Justice Jim Rice delivered the Opinion of the Court.

¶1    Victoria Wyant (Wyant) appeals from the order entered by the Eighteenth Judicial District Court, Gallatin County, granting the motion of Defendant Kathy I. Kenda (Kenda) to tender payment of settlement proceeds to the court, and to require Wyant to file a satisfaction of judgment against Kenda.  We affirm in part and reverse in part.

¶2    We restate the issue on appeal as follows:

¶3    Did the District Court err in ordering Wyant to file a satisfaction of judgment following her acceptance of Kenda's offer of judgment?

### FACTUAL AND PROCEDURAL BACKGROUND

¶4    On June 1, 2001,Wyant and Kenda were involved in a motor vehicle accident in Belgrade, Montana.  Thereafter, Wyant brought suit against Kenda for injuries she had sustained in the accident.  At the time of the accident, Kenda was insured by Mid-Century Insurance Company (Mid-Century).

¶5    Wyant received treatment for her injuries from Dan Satchell, P.C., C.C.S.P., of Satchell Chiropractic Clinic, P.C. (Satchell), incurring medical expenses therewith in the amount of $3,014.00.  On June 6, 2001, Wyant executed an assignment of her right to collect insurance proceeds in regard to her injuries in favor of Satchell, and thereafter, Satchell filed a notice of lien with Mid-Century on June 7, 2001, claiming priority of payment from Mid-Century.

¶6    On February 5, 2003, after conducting discovery, Kenda, through her insurer, made an offer of judgment which stated, in part:

Kenda . . . pursuant to the provision of Rule 68, M.R.Civ.P., hereby offers to allow Judgment to be taken against her in the full sum of $20,000.00 (Twenty Thousand Dollars), inclusive of costs now accrued and further inclusive of all payments made on behalf of defendant Kathy Kenda by Mid-Century Insurance Company for medical bills . . . .

On February 20, 2003, Wyant accepted the offer of judgment, and on February 21, 2003, the District Court entered judgment which "ordered, adjudged and decreed that plaintiff Victoria Wyant recover from defendant Kathy I. Kenda the sum of $20,000.00, inclusive of advance payments and costs accrued through the date of the offer, with interest thereon at the rate of 10% per annum" from the date of the judgment. Mid-Century had previously advanced payments through the date of the offer in the amount of $13,096.00.

¶7 On March 5, 2003, Kenda's attorney personally delivered a check in the sum of $6,903.85, representing the amount of the judgment which exceeded the advance payments, together with copies of Wyant's assignment of proceeds to Satchell and Satchell's notice of lien, and a satisfaction of judgment for Wyant's signature. The settlement check named Satchell as one of the payees. However, disputing Mid-Century's inclusion of Satchell as a payee, Wyant refused to accept the check and refused to execute the satisfaction of judgment.

¶8 Kenda then filed a Tender of Judgment Payment for Court Disposition, which requested that the District Court require her to deposit the settlement check with the Clerk of Court and Wyant to execute the satisfaction of judgment. Wyant objected, arguing that the inclusion of Satchell as a payee did not satisfy the judgment, that Satchell had refused to endorse the check, and further, that Wyant's counsel, Martin R. Studer (Studer), had a lien

3

against the proceeds for attorney fees and costs. Kenda responded that any dispute between Wyant and Satchell regarding chiropractor fees was not an issue between Wyant and Kenda, and was not a proper consideration for the District Court.

¶9 On April 8, 2003, the District Court granted Kenda's motion, and further held that Satchell's chiropractic lien had priority over Studer's attorney lien because it was filed earlier. Thereafter, Kenda's attorney tendered Mid-Century's check, together with the accrued interest, to the District Court, and Wyant was ordered to execute a satisfaction of judgment. Wyant appeals.

## STANDARD OF REVIEW

¶10 The construction and interpretation of a contract is a question of law for the court to decide. *Dambrowski v. Champion Int'l Corp.*, 2003 MT 233, ¶ 6, 317 Mont. 218, ¶ 6, 76 P.3d 1080, ¶ 6. We review a district court's conclusions of law for correctness. *Dambrowski*, ¶ 6.

## DISCUSSION

¶11 **Did the District Court err in ordering Wyant to file a satisfaction of judgment following her acceptance of Defendant's offer of judgment?**

¶12 In addressing this issue, it is necessary to consider subissues raised by Wyant, including: (1) whether the District Court correctly concluded that the settlement check did not violate the offer of judgment accepted by Wyant and entered by the District Court; (2) whether Mid-Century's inclusion of Satchell as a payee on the settlement check was a violation of the settlement agreement; and (3) whether the District Court erred in its

4

determination that Satchell's lien had priority over Studer's lien. We address these subissues in turn.

**Did the check presented by Mid-Century violate the parties' settlement agreement?**

¶13 Wyant argues that Kenda's attempt to compel payment of Satchell's bill from the settlement is an improper interjection of ambiguity into a clear and unambiguous Rule 68 offer of judgment. She contends that because the offer of judgment failed to mention Satchell's lien or the manner in which the debt to Satchell would be paid, there was not a "meeting of the minds" in regard to Satchell's lien, and payment of that expense was not part of the settlement. Therefore, Wyant argues that Kenda is obligated to pay Satchell's bill in addition to paying the amount agreed in the settlement agreement to Wyant, because, in accordance with our holding in *Montana Fair Hous., Inc., v. Barnes*, 2002 MT 353, 313 Mont. 409, 61 P.3d 170, any ambiguity in a Rule 68 offer must be resolved against the offeror.

¶14 In *Barnes*, ¶ 7, the offer stated that judgment could be taken against the defendant "in the amount of Two Thousand Dollars ($2,000) together with costs only that accrued." We concluded that the plaintiff did not waive the right to seek attorney fees as "[t]he offer [did] not state that the sum to be paid is consideration for the resolution of *all counts*," and thus, the offer of judgment was ambiguous in that regard. *Barnes*, ¶¶ 19, 20 (emphasis added).

¶15 The facts here are distinguishable. Unlike the language which failed to demonstrate settlement of all claims in *Barnes,* Kenda's offer stated that judgment could be taken against her "in the *full sum* of $20,000.00 (Twenty Thousand Dollars), inclusive of all costs now

5

accrued and further inclusive of all payments made on behalf of Kenda by Mid-Century [ ] for medical bills . . . ." (Emphasis added.)  Following Wyant's acceptance of the offer, the District Court entered judgment against Kenda for this "full sum," stating that the judgment was for "$20,000.00, inclusive of advance payments and costs accrued."  However, in order to accommodate Wyant's interpretation of the agreement, which would require Kenda to pay Satchell's bill in addition to paying Wyant, we would need to construe the offer of judgment to read "in the full sum of $23,014.00, inclusive of advance payments and costs accrued." This is contrary to the plain terms of the offer.  We concur with the District Court's conclusion that the language of the offer "clearly includes the Satchell bill."

**Did Mid-Century's inclusion of Satchell as a payee on the settlement check violate the settlement agreement?**

¶16    Wyant argues that the District Court erred in concluding that Kenda properly included Satchell as a payee on the settlement check.  Wyant asserts that the inclusion of Satchell as a payee is unnecessary, was not part of the offer of judgment, and is an attempt to force Wyant to hold Mid-Century harmless from any claims Satchell might assert pursuant to § 71-3-1117, MCA, et seq., the healthcare provider lien statutes.  She further contends that there is no statutory requirement that Satchell be included as a payee on the basis of its lien.

¶17    Section 71-3-1117, MCA, provides:

> If any insurer or person, after receiving notice of lien, makes a payment on account of injury . . . and the amount of the lien claimed by any . . . chiropractor . . . has not been paid, the insurer or person is liable to the . . . chiropractor . . . for the reasonable value of his services.

6

¶18    Wyant assigned her interest in payment of insurance proceeds to Satchell to the extent of the cost of his services, and thereafter, Satchell filed a notice of lien with Mid-Century. Thus, § 71-3-1117, MCA, obligated Mid-Century to pay Satchell's bill upon making any payment to Wyant for her injuries, or face direct liability to Satchell for payment of the value of his services. As we have already concluded herein, Kenda's offer of settlement was for the "full sum" and included Satchell's bill. Thereafter, to honor the lien, Mid-Century named Satchell as payee on the settlement check. Although there is not a statutory requirement that Satchell be included as a payee, we conclude that so naming Satchell was an appropriate way for Mid-Century to satisfy its statutory obligation to Satchell under the lien statute. Although Wyant argues that naming Satchell as payee does not satisfy the offer of judgment because Satchell refuses to endorse the check, Satchell is not a party to this action, any dispute between Wyant and Satchell is not before us, and we decline to address that matter. Further, although both parties have asserted in their briefs that Wyant's bill with Satchell has been discharged in a bankruptcy proceeding, the record does not address these contentions, the District Court did not address them, and we decline to address them as well.

**Did the District Court err when it determined that the Satchell lien had priority?**

¶19    Relying on § 71-3-113, MCA, which provides that "[o]ther things being equal, different liens upon the same property have priority according to the time of their creation," the District Court concluded that Satchell's lien had priority over Studer's lien because it was filed in June 2001, prior to the filing of this action in June 2002, which created Studer's lien pursuant to § 37-61-420(2), MCA. Wyant argues that the court erred by overlooking § 71-3-

7

1114(3), MCA, which she contends is determinative of the issue of priority between Satchell's and Studer's liens. That statute provides:

> A . . . chiropractor . . . claiming a lien under this part is not liable for attorney fees and cost incurred by the injured person, the injured person's estate or successors, or a beneficiary in connection with obtaining payments or benefits subject to a lien under this part. *The lien of an attorney provided for in 37-61-420 has priority over a lien created by this part.*

Section 71-3-1114(3), MCA (emphasis added). Accordingly, pursuant to this provision, Studer's attorney lien had priority over Satchell's lien, regardless of the timing of the liens' creation. Therefore, we conclude that the District Court erred in holding that the Satchell lien had priority over Studer's lien.

¶20 Wyant also argues that the settlement check did not satisfy the judgment because it did not include interest. However, there was no dispute between the parties about Kenda's obligation to pay interest under the agreement, the District Court ordered Kenda to pay interest on the judgment, and Kenda takes no issue with this directive from the District Court. Therefore, this fact does not undermine the agreement.

¶21 The District Court did not err in ordering Wyant to file a satisfaction of judgment herein. Kenda has performed as required by the judgment entered against her by the District Court. Only the declaration of priority of the liens was in error.

¶22 Affirmed in part and reversed in part.

/S/ JIM RICE

8

We concur:

/S/ KARLA M. GRAY
/S/ PATRICIA O. COTTER
/S/ JOHN WARNER
/S/ W. WILLIAM LEAPHART