DA 10-0224

IN THE SUPREME COURT OF THE STATE OF MONTANA

2010 MT 280

IN THE MATTER OF THE ESTATE
OF EVALYN VIRGINIA BURRELL

DONALD L. BURRELL, CHRISTOPHER
BURRELL, ESTHER FOWLER,

      Petitioners and Appellants,

  v.

ESTATE OF EVALYN V. BURRELL,
LOUIS BURRELL, Personal Representative,

      Respondents and Appellees.

APPEAL FROM:    District Court of the Nineteenth Judicial District,
                In and For the County of Lincoln, Cause Nos. DP-97-007, DV-05-126
                Honorable Michael C. Prezeau, Presiding Judge

COUNSEL OF RECORD:

      For Appellants:

           KD Feeback; Gaugh, Shanahan, Johnson & Waterman, Helena, Montana

      For Appellees:

           Richard De Jana; Richard De Jana & Associates, PLLC, Kalispell,
           Montana

                         Submitted on Briefs:  November 10, 2010
                                    Decided:   December 28, 2010

Filed:

               _____
                            Clerk

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1    Donald Burrell, Christopher Burrell and Esther Fowler appeal from orders of the Nineteenth Judicial District Court, Lincoln County, interpreting the settlement agreement with the Estate of Evalyn Burrell and awarding attorney fees to the Estate. The Estate cross-appeals the District Court's failure to hold a hearing on whether to set aside the settlement agreement and refusal to hold Donald Burrell in contempt of court. We affirm and remand for a determination of attorney fees incurred on appeal.

## ISSUES PRESENTED

¶2    Donald, Christopher and Esther (Grandchildren) raise the following issues:

¶3    1.    Whether the District Court erred when it determined that the settlement agreement required the Grandchildren to give up all ownership interests in the Burrell property in exchange for the 40 acres granted by the Estate.

¶4    2. Whether the District Court erred by awarding attorney fees to the Estate.

¶5    The Estate raises the following issues:

¶6    3.    Whether the District Court erred by not ordering the forfeiture of the Grandchildren's rights under the settlement agreement.

¶7    4. Whether the District Court erred by not holding a hearing on the contempt claims against Donald.

## BACKGROUND

*a. History*

¶8    Evalyn Burrell passed away in 1996, and was survived by her son, Louis Jr., and grandchildren, Donald Burrell, Christopher Burrell, and Esther Fowler. They are the

2

children of Evalyn's deceased son Harry. Evalyn's will named Louis Jr. personal representative and sole beneficiary. In 1997, the Grandchildren sued Evalyn's Estate and Louis Jr. (collectively Estate) in DP-97-007, challenging the validity of the will, and seeking distribution of Evalyn's Estate under intestacy law (will action).

¶9 The Burrell property is located several miles northwest of Libby, Montana. At the time of Evalyn's death, the property consisted of two contiguous parcels totaling approximately 200 acres. One parcel was approximately 80 acres (80-acre parcel) and belonged solely to Evalyn. Donald resided on the 80-acre parcel, in a house he had built. The other parcel was approximately 120 acres (120-acre parcel). Evalyn and Louis Jr. each held a one-third interest in the 120-acre parcel. The Grandchildren stood in the place of their deceased father and held the remaining interest.

¶10 In 2000, Christopher filed for bankruptcy. During the proceedings, he transferred his interest in the 120-acre parcel to Louis Jr. In August of 2005, Donald and Esther initiated a second action against the Estate, DV-05-126, requesting the 120-acre parcel be partitioned by sale (partition action).

¶11 In September 2005, the District Court issued an order in the will action, declaring Evalyn's will valid and admitting it to probate. However, the District Court also determined that the Estate would be unjustly enriched if permitted to retain Donald's house on the 80-acre parcel. Subsequently, the District Court ordered 1.4 acres partitioned from the 80-acre parcel so that Donald could keep his residence and other improvements. Both parties appealed to this Court.

3

¶12    On July 7, 2006, while the appeal was pending, the parties settled. The settlement agreement (Agreement) stipulated that the appeal and cross-appeal be dismissed. On July 25, 2006, this Court dismissed both the appeal and cross-appeal.

   *b. Settlement Agreement*

¶13    The Agreement purported to resolve all contested issues in both the will and partition actions. Both actions were to be dismissed once the Agreement was finalized. The District Court was given enforcement authority. Further, the parties agreed that in the event of a dispute concerning the Agreement, the prevailing party was entitled to reasonable attorney fees.

¶14    As to the disposition of the Burrell property, the Agreement stated that the Grandchildren were entitled to a maximum of 40 acres of land. Twenty-seven acres were guaranteed and included the 1.4 acres set aside for Donald in the will action. The additional 13 acres were contingent on Christopher repurchasing, from Louis Jr., the interest transferred during the bankruptcy proceedings. The agreement stated that "[g]rant deeds will be used for the cross conveyancing."

¶15    A map attached to the Agreement depicted the 40 acres as an irregularly shaped parcel carved out of the Burrell property. The majority of the 27 acres fell within the 80-acre parcel. The 13 acres extended northward from the 27 acres and fell primarily in the 120-acre parcel. The Grandchildren agreed to finance a survey of the 40 acres within 90 days of signing the Agreement.

¶16    The Agreement also disposed of personal property located on the Burrell property:

> [Grandchildren] will remove all of their equipment to their own land by August 30, 2007, if not done by that date, the equipment will be deemed abandoned. . . . [The Estate's] personal property and equipment shall be removed from the [Grandchildren's] land by August 30, 2007, if not done by that date the equipment and personal property will be deemed abandoned in favor of the [Grandchildren].

The same section discussed a mill, visibly located on the 120-acre parcel:

> If mill building is removed by the [Grandchildren] then fuel tank also must be removed and the removal shall be in accord with federal and Montana law. [Grandchildren] will hold [the Estate] hold [the Estate] [sic] harmless and indemnify them from any claim or loss occasioned by the noncompliant removal including damages, fines, attorney fees, and court costs as awarded against [the Estate].

### c. Post Settlement Agreement

¶17 On August 27, 2007, the Grandchildren filed a motion in District Court to enforce the Agreement. The same day, the Estate filed motions to consolidate and order division. of the property. The parties had begun to interpret the document differently. Central to the dispute was whether the Grandchildren retained any ownership interests in the Burrell property, outside of the 40 acres granted by the Estate. On July 15, 2008, the Estate wrote a letter to the District Court, which explained that the time to finalize the Agreement had expired. The Estate suggested the document be set aside and attached a proposed order.

¶18 On July 25, 2008, the District Court issued an order interpreting the Agreement and found that the Grandchildren had acquired their 40 acres from the Estate in exchange for giving up all claims and interests in the rest of the Burrell property. Additionally, the District Court noted:

5

> It defies common sense and tortures the language of the Settlement Agreement to argue that after the years of litigation these parties have suffered and financed, they would settle their dispute in a global settlement that specifically refers to both cases, while leaving for another day the issue of Donald and Esther's ownership of the 26.7 acres within the 120 acre parcel. . . . With these parties unable to agree on anything, it is incomprehensible that the Estate would withdraw its appeal and enter a settlement that only kicked the can down the road until the next inevitable legal battle.

The District Court also found that the Estate was entitled to attorney fees for successfully seeking enforcement of the Agreement.

¶19 On August 4, 2008, counsel for the Estate submitted an affidavit of attorney fees. The Grandchildren promptly filed a response, requesting that the District Court order the Estate to explain certain fees, and strike any fees unrelated to the enforcement of the Agreement. On August 21, 2008, counsel for the Estate filed a supplemental affidavit. The Grandchildren did not respond. In 2010, the Estate was awarded $11,130 in fees.

¶20 In March of 2009, the Estate filed an application to hold Donald Burrell in contempt for cutting and removing trees from the Burrell property. The parties had been ordered to not engage in any actions that altered the status quo of the property. In light of the poor relations between the parties, potential for increased animosity, and the inevitable fight over attorney fees that would ensue, the District Court denied the Estate's application.

¶21 On April 19, 2010, the District Court consolidated the will and partition actions, and divided the Burrell property. The Grandchildren were awarded 40 acres as tenants in common. The remaining 166.47 acres went to the Estate. The District Court made explicit that the Grandchildren had no ownership interests in the Estate's land, and the

6

Estate had no ownership interest in the Grandchildren's land. The Grandchildren appealed, and the Estate cross-appealed.

## STANDARDS OF REVIEW

¶22 A settlement agreement is a contract. *Gamble v. Sears*, 2007 MT 131, ¶ 24, 337 Mont. 354, 160 P.3d 537. "The construction and interpretation of a contract is a question of law for the Court to decide." *Wyant v. Kenda*, 2004 MT 348, ¶ 10, 324 Mont. 342, 102 P.3d 1260.

¶23 We review an award of attorney fees for abuse of discretion. *In re Marriage of Szafryk*, 2010 MT 90, ¶ 19, 356 Mont. 141, 232 P.3d 361.

## DISCUSSION

¶24 *Whether the District Court erred when it determined that the Agreement required the Grandchildren to give up all interests in the Burrell property in exchange for the 40 acres granted by the Estate.*

¶25 When the language of a contract is clear and unambiguous, the language controls, and there is nothing to construe or interpret. Section 28-3-401, MCA; *Hanson v. Water Ski Mania Estates*, 2005 MT 47, ¶ 15, 326 Mont. 154, 108 P.3d 481. A contract is not ambiguous merely because parties disagree over interpretation. *Wurl v. Polson Sch. Dist. No. 23*, 2006 MT 8, ¶ 17, 330 Mont. 282, 127 P.3d 436. Rather, ambiguity exists where the language of the contract, as a whole, is reasonably subject to different interpretations. *Id.*

¶26 At the outset, we note that the Agreement was a resolution of all contested issues in the will and partition actions. Together, the two actions concerned the whole of the

7

Burrell property. Therefore, the language of the Agreement clearly extended to the disposition of the entire Burrell property.

¶27 The District Court correctly held that under the Agreement, the Grandchildren would no longer have ownership interests outside of the 40 acres. The language regarding personal property recognized that the entire Burrell property was being divided into two parcels, one owned by the Grandchildren, and one owned by the Estate. This was visually reflected by the map attached to the Agreement. Furthermore, the Agreement placed the mill on the Estate's land, explicit recognition that the Grandchildren gave up ownership interests in previously co-owned land. Finally, the statement "[g]rant deeds will be used for the cross-conveyancing" established that the Grandchildren were to assign to the Estate their relinquished ownership interests.

¶28 The Grandchildren focus much of their argument on the fact that the 120-acre parcel goes unmentioned in the Agreement. However, this ignores the fact that the scope of the Agreement extended to the entire Burrell property, not merely individual parcels. When the language of the Agreement is viewed as a whole, the only reasonable interpretation is that the Grandchildren agreed to deed away their ownership interests in the Burrell property, in exchange for the 40 acres acquired from the Estate.[1]

---

[1] The Grandchildren also raise the argument that the Agreement fails to satisfy the Statute of Frauds. Section 28-2-903(d), MCA, requires agreements for the sale of an interest in real property to be evidenced by a writing and subscribed by the party charged, or the party's agent. The property was adequately described, and each Grandchild signed the Agreement. The Statute of Frauds is satisfied.

¶29    *Whether the District Court abused its discretion by awarding attorney fees to the Estate.*

¶30    The Grandchildren challenge the District Court's decision that the Estate was entitled to attorney fees, and the amount of fees awarded.  A district court's award of attorney fees is a separate consideration from the amount of fees awarded.  *Chase v. Bearpaw Ranch Ass'n*, 2006 MT 67, ¶ 22, 331 Mont. 421, 133 P.3d 190.  We conclude that the District Court correctly determined that the Estate was entitled to attorney fees and did not abuse its discretion by awarding $11,130 in fees.

¶31    The Agreement provided that "[i]n the event of a dispute concerning this agreement, the prevailing party shall be entitled to reasonable attorney fees."  Where a conscionable contract requires an award of attorney fees, the District Court lacks discretion to deny attorney fees.  *Marriage of Szafryk*, ¶ 19.  The Estate prevailed in the District Court, the Agreement awarded fees to the prevailing party, and the Agreement was conscionable.  The District Court correctly recognized that it had no discretion to deny the Estate reasonable attorney fees.

¶32    The Grandchildren argue that the District Court should have held an evidentiary hearing to determine the amount of attorney fees.  A party's failure to request a hearing on attorney fees can result in waiver.  *JTL Group, Inc. v. New Outlook, LLP*, 2010 MT 1, ¶ 52, 355 Mont. 1, 223 P.3d 912.  The Grandchildren had ample opportunity to request a hearing on fees.  They filed a response to the Estate's affidavit.  The only relief they requested was an explanation of items in the affidavit, or for the District Court to strike certain claimed fees. They did not respond to the Estate's supplemental affidavit.  We

9

conclude, under these facts, that by submitting responses to the Estate's affidavit and not requesting a hearing, the Grandchildren waived any hearing on attorney fees.

¶33 The Grandchildren next contend that the District Court's award of $11,130 to the Estate was an abuse of discretion. This Court does not disturb a district court's award of attorney fees if it is based upon competent evidence, absent an abuse of discretion. *Talon Plumbing, Inc. v. State Dept. of Labor & Indus.*, 2008 MT 376, ¶ 27, 346 Mont. 499, 198 P.3d 213. The Estate submitted an itemized affidavit of billing charges to the District Court. The District Court found all but $73.80 were reasonable. The Grandchildren do not present any evidence that the District Court abused its discretion. Instead, they merely raise evidentiary objections that should have been made in the District Court. The award of attorney fees was based upon competent evidence, most of which was uncontested below, and the Grandchildren have failed to show an abuse of discretion.

¶34 *Whether the District Court erred by not ordering the forfeiture of the Grandchildren's rights under the Agreement.*

¶35 The Estate has filed a cross-appeal asserting that the District Court should have set aside the Agreement when the time for finalization passed. The functional effect of doing this would revert the Burrell property into the 80- and 120-acre parcels, reinstate shared ownership between the Grandchildren and Estate, obviate thirteen years of legal proceedings, reopen both the will and partition actions, and cause further litigation and fees for all. Thankfully, we need not assist the parties in effecting a modern day BLEAK HOUSE.

10

¶36 The Estate has failed to preserve this argument for appeal. In order to request an order by a district court, a party must make a proper motion. M. R. Civ. P. 7(b)(1). Failure to do so deprives a district court of the opportunity to rule on an issue. *McCormack v. Andres*, 2008 MT 182, ¶ 42, 343 Mont. 424, 185 P.3d 973. This Court generally declines to consider issues that the district court was not given the opportunity to rule on. *Id.*

¶37 Louis Jr. sent a letter to the District Court regarding forfeiture. However, this letter is not part of the District Court record. Furthermore, Louis Jr. does not contend that this letter constituted a proper motion. The Estate's failure to properly raise this issue prevented the District Court from ruling on it. We decline to address it on appeal.

¶38 *Whether the District Court erred by not holding a hearing on the Estate's contempt claims against Donald.*

¶39 The Estate also cross-appeals the District Court's denial of the contempt claim against Donald. The Estate argued below that Donald failed to maintain the status quo by cutting and removing trees from the property. Donald admitted removing trees in order to build a road, and to chopping firewood. However, he asserted that he did not understand those actions to violate the District Court's order. The District Court denied the claim, concluding that Donald's acts were minimal in comparison to the increased animosity that would be fostered by an order of contempt.

¶40 "[C]ontempt orders are not appealable, but can be reviewed by way of petition for writ of certiorari, also known as a writ of review.'" *Jones v. Mont. Nineteenth Judicial Dist. Ct.*, 2001 MT 276, ¶ 2, 307 Mont. 305, 37 P.3d 682; §§ 3-1-523, 3-2-212(2), MCA.

11

The Estate cites *In re Marriage of Baer*, 1998 MT 29, 287 Mont. 322, 954 P.2d 1125, and argues the Court can review District Court contempt orders under a blatant abuse of discretion standard. However, *Marriage of Baer* was a family law proceeding and such proceedings enjoy a statutory exception from the general rule prohibiting review of contempt orders. Section 3-1-523(2), MCA; *Marriage of Baer*, ¶ 42. The case at hand is not a family law proceeding, and the Estate did not file a writ of review. Thus, we do not review the District Court's decision to deny the contempt claim against Donald.

¶41 Finally, the Estate requests attorney fees incurred in defending this appeal. "[I]f a contract includes a provision stating that a prevailing party is entitled to reasonable attorney fees arising from litigation under the contract, appellate attorney fees are included under the provision." *Boyne USA, Inc. v. Lone Moose Meadows, LLC*, 2010 MT 133, ¶ 26, 356 Mont. 408, 235 P.3d 1269. As the prevailing party with regard to the Agreement, the Estate is entitled to attorney fees reasonably incurred in enforcing the Agreement on appeal. However, the Estate is not entitled to attorney fees for its cross-appeal. Accordingly, we remand to the District Court for a determination of reasonable attorney fees incurred on appeal.

¶42 We affirm and remand to the District Court for a determination of attorney fees incurred on appeal.


/S/ MIKE McGRATH

We concur:


/S/ PATRICIA COTTER
/S/ MICHAEL E WHEAT
/S/ JAMES C. NELSON
/S/ JIM RICE