DA 11-0289

## IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2012 MT 23

CARL MURPHY,

      Plaintiff and Appellant,

  v.

THE HOME DEPOT,

      Defendant and Appellee.

APPEAL FROM:     District Court of the Fourth Judicial District,
In and For the County of Missoula, Cause No. DV 06-709
Honorable John Warner, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

      Rexford Palmer, Attorneys Inc., Missoula, Montana

      For Appellee:

      Mitchell J. Vap, Robert J. Phillips, Phillips Law Firm, P.C., Missoula, Montana

                       Submitted on Briefs: December 21, 2011
                               Decided: February 1, 2012

Filed:

_____
                     Clerk

Justice Michael E Wheat delivered the Opinion of the Court.

¶1 Carl Murphy (Murphy) appeals from an order of the Fourth Judicial District Court, Missoula County, enforcing a settlement agreement between Murphy and The Home Depot. We reverse.

¶2 Murphy was injured while shopping at Home Depot in August of 2003. While handling a piece of stove pipe with a Home Depot employee, Murphy was cut on his left thumb. The cut required 12 stitches. Home Depot paid Murphy's initial medical bill of $252.75. The cut later developed a staph infection which required further care. Murphy missed 11 days of work due to the injury. Murphy alleges he incurred "over $3,500 in medical expenses and lost wages."

¶3 Murphy sued Home Depot in August of 2006. After filing suit, Murphy's counsel wrote to Home Depot, proposing to settle the matter for $7500. Home Depot's counsel responded in writing, stating "our client has agreed to offer $7,247.25 [$7500 minus the previously paid $252.75] as a global settlement offer in this matter." Murphy's counsel responded, again in writing, thanking Home Depot for accepting Murphy's offer to settle and, in the same communication, attached a proposed release form. Murphy's proposed release states "[m]y release includes all injuries, damages, and losses in this claim directly resulting from this incident. My release does not include any other claims." Home Depot's counsel wrote back, proposing a new release which stated that Murphy would release:

> any and all claims, demands, and causes of action, legal, equitable, or otherwise, now known or subsequently discovered and which has or which may hereafter accrue on account of or in any way arising out of or related to

the claims and allegations set forth in his Complaint … [t]his is a full release of any and all claims, legal[,] equitable, or otherwise, without limitation.

Murphy's counsel refused Home Depot's proposed language, stating "Mr. Murphy has never felt that Home Depot was reasonable or fair in how it handled his claim. . . . I am [] in no position to speak for him or to compromise a potential or hypothetical claim for which I have not been retained[.]" Communications broke down shortly after the exchange of the proposed releases, no settlement documents were executed, and Murphy received no payment.

¶4 Home Depot then moved to enforce the settlement agreement, arguing that Murphy's counsel agreed to the "global settlement" via his correspondence with Home Depot's counsel. Murphy opposed Home Depot's motion, arguing that the correspondence revealed just the opposite. After a hearing, the District Court granted Home Depot's motion, finding:

> as a matter of law, that under the circumstances of this case, the term 'global settlement', is not ambiguous. It means, here, that Murphy, through counsel, agreed that he would do what he proposed, settle his claims for all injuries, damages, and losses in this claim directly resulting from the cut on his thumb. This includes a bad faith claim, which after some seven and one-half years, is still undefined in fact and law.

¶5 Murphy timely appealed the District Court's ruling. Several issues were raised, but we find the dispositive issue is whether the District Court erred when it determined the parties formed a binding settlement agreement.

## STANDARD OF REVIEW

3

¶6     The existence of a contract is a question of law, which we review for correctness. *Lockhead v. Weinstein*, 2003 MT 360, ¶ 7, 319 Mont. 62, 81 P.3d 1284.

## DISSCUSION

¶7     Murphy argues that the District Court erred because the parties' words and conduct show there was no mutual consent regarding which claims were to be released. Without mutual consent there was no contract. Home Depot argues that Murphy, through counsel, agreed to the "global settlement" and that term is not ambiguous.

¶8     Settlement agreements are contracts, and are subject to the provisions of contract law. *Dambrowski v. Champion International Corp.*, 2003 MT 233, ¶ 9, 317 Mont. 218, 76 P.3d 1080.    An agreement is binding if made by an unconditional offer, and accepted unconditionally. *Hetherington v. Ford Motor Co.*, 257 Mont. 395, 399, 849 P.2d 1039, 1042 (1993). To form a binding contract, there must be mutual consent on all essential terms. *Kortum-Managhan v. Herbergers*, 2009 MT 79, ¶ 18, 349 Mont. 475, 204 P.3d 693. "Consent is not mutual unless the parties all agree upon the same thing in the same sense . . . ." Section 28-2-303, MCA.  A party to a settlement agreement is bound if he or she manifested assent to the agreement's terms, and has not manifested an intent not to be bound. *Lockhead*, ¶ 12.  In other words, a party is bound if he or she unconditionally consented to the agreement. *Lockhead*, ¶ 13.  A party's latent, or undisclosed, intention not to be bound does not prevent the formation of a binding contract. *Lockhead*, ¶ 11.

4

¶9 In the present case, we conclude there was no mutual consent between Murphy and Home Depot because there was no agreement on the essential terms of the settlement agreement. In other words, the parties did not agree on the same thing in the same sense.

¶10 We agree with Home Depot that this case is "nearly identical" to *Hetherington*. In *Hetherington*, "Ford offered to pay Hetheringtons $175,000 and Ronan offered to pay $10,000. This offer was in exchange for full and final release of all claims by the Hetheringtons." *Hetherington*, 257 Mont. at 397, 849 P.2d at 1041. During negotiations, Hetheringtons did not disclose "conditions or manifestations of conditional intent." *Hetherington*, 257 Mont. at 399, 849 P.2d at 1042. After agreeing to these terms and giving their attorney authority to accept the offer of settlement (which he did), Hetheringtons subsequently indicated they were not interested in the settlement, fired their attorney, and did not execute any settlement documents. We found that Hetheringtons agreed to the two "material" or essential elements of the settlement agreement - 1) the amount of the settlement, and 2) the release of all claims. *Hetherington*, 257 Mont. at 400, 849 P.2d at 1043. Their latent intent not to be bound until a written agreement was signed did not prevent the formation of a contract. *Hetherington*, 257 Mont. at 399, 849 P.2d at 1042.

¶11 However, significantly unlike *Hetherington*, Murphy did not agree to the release of all claims, only to subsequently change his mind. In response to Home Depot's letter regarding the "global settlement[,]" Murphy's counsel thanked Home Depot for accepting his client's offer, and *in the same communication*, he included a proposed release that stated "[m]y release includes all injuries, damages, and losses in this claim directly resulting from this

5

incident. My release does not include any other claims." This shows Murphy never intended, nor consented, to release all claims against Home Depot. Similarly, Home Depot's very next communication reveals it never intended, nor consented, to settle with Murphy absent "a full release of any and all claims, legal[,] equitable, or otherwise, without limitation." Indeed, upon receipt of Home Depot's email seeking "full release[,]" Murphy responded almost immediately, saying Home Depot's proposed settlement agreement "contains various terms which we never discussed or communicated about in any way prior to reaching settlement." Neither party here harbored a latent intent not to be bound as in *Hetherington*; rather, both parties manifested their intent to settle specific claims. There was simply no agreement between the parties as to which claims were to be settled.

¶12 Home Depot insists the phrase "global settlement" is not ambiguous and its use of the phrase "fully conveyed" that it sought full and final resolution of all current and potential future claims. However, as we have discussed, the parties' vastly different interpretations, from the time the phrase was used by Home Depot, show just the opposite. Both parties agreed to the amount of the settlement ($7500), but neither party agreed upon what claims would be released. Neither party agreed on the same thing in the same sense, thus there was no mutual consent on all the essential terms of the agreement. We conclude that no settlement agreement was ever reached between Murphy and Home Depot.

## CONCLUSION

6

¶13　For the reasons stated above, we reverse the District Court and remand for further proceedings consistent with this Opinion.

/S/ MICHAEL E WHEAT

We Concur:

/S/ MIKE McGRATH
/S/ PATRICIA COTTER
/S/ JIM RICE
/S/ BETH BAKER