FILED

08/02/2016

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 16-0057

DA 16-0057

IN THE SUPREME COURT OF THE STATE OF MONTANA

2016 MT 187N

MICHAEL ELLENBURG,

      Plaintiff and Appellant,

  v.

T. WILSON, L. MURPHY, D. PENTLAND,
K. COZBY, L. MIHELICH, V. HOSCHIED, et al.

      Defendants and Appellees.

APPEAL FROM:    District Court of the Third Judicial District,
In and For the County of Powell, Cause No. DV-14-11
Honorable Ray Dayton, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Michael Ellenburg, Self-Represented, Deer Lodge, Montana

      For Appellee:

          Ira Eakin, Special Assistant Attorney General, Montana Department of
Corrections, Helena, Montana

Submitted on Briefs:  June 15, 2016

Decided:  August 2, 2016

Filed:

                          Clerk

Justice James Jeremiah Shea delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Michael Ellenburg appeals a memorandum and order of the Third Judicial District Court, Powell County, granting a "Motion to Enforce Settlement Agreement" filed by Montana Department of Corrections (DOC) employees Tom Wilson, Linda Murphy, David Pentland, Ken Cozby, Leonard Mihelich,[1] and Vera Hoschied (collectively, "DOC Defendants"). We address whether the District Court properly granted the DOC Defendants' motion. We affirm.

¶3 Ellenburg is an inmate at the Montana State Prison (MSP). In January 2014, Ellenburg filed a complaint against the DOC Defendants, claiming, among other things, that he was denied adequate due process in prison disciplinary proceedings, adversely affecting his chances for parole. The DOC Defendants denied Ellenburg's allegations. On June 2, 2015, the parties entered into a settlement agreement, which provided:

> If Plaintiff maintains one hundred twenty (120) days of accumulated clear conduct within [MSP] a designated [MSP] official will submit a parole plan for Plaintiff which requests an in person appearance for Plaintiff before the Montana Board of Pardons and Parole [(Board)], . . . The parole plan will contain the following language: "The inmate's past year of discipline is not relevant to the inmate's likely success on parole, and for purposes of this plan will be disregarded and will not be discussed." Further, the parole

---

[1] The District Court case caption misspelled "Mihelich." We have corrected this error on appeal.

2

plan will not contain any information concerning Plaintiff's disciplinary record during the preceding twelve months. [MSP] will not issue any frivolous or unwarranted write ups to the Plaintiff.

The settlement agreement further provided that Ellenburg would dismiss four pending lawsuits against the DOC Defendants, the DOC, MSP, and other employees of the DOC or MSP.[2] Ellenburg accumulated 120 days of clear conduct on July 8, 2015. He appeared before the Board on August 27, 2015. The Board denied Ellenburg's parole request but endorsed him for placement at a pre-release center. In August and September 2015, Ellenburg filed documents in the District Court alleging that the DOC Defendants breached the settlement agreement. In response, the DOC Defendants filed a motion to enforce the agreement by requiring Ellenburg to dismiss his pending lawsuits. The District Court granted the DOC Defendants' motion, interpreting it as a motion for summary judgment.

¶4    "We review summary judgment orders de novo." *Mont. Dep't of Revenue v. Priceline.com, Inc.*, 2015 MT 241, ¶ 6, 380 Mont. 352, 354 P.3d 631. Summary judgment is appropriate when the moving party demonstrates an absence of a genuine issue of material fact and entitlement to judgment as a matter of law. M. R. Civ. P. 56(c)(3). "Settlement agreements are contracts," *Murphy v. Home Depot*, 2012 MT 23, ¶ 8, 364 Mont. 27, 270 P.3d 72, and "[t]he existence of a valid express contract is a question of law," which we review for correctness. *Lockhead v. Weinstein*, 2003 MT 360, ¶ 7, 319 Mont. 62, 81 P.3d 1284.

---

[2]  These cases include Powell County cause numbers DV 14-11, DV 15-13, DV 15-17, and United States District Court cause number CV-00080-DLC-JTJ.

¶5 Ellenburg maintains on appeal that he is not required to dismiss his pending lawsuits because the DOC defendants breached the settlement agreement in various ways. First, Ellenburg contends that the DOC Defendants breached the agreement by not scheduling him to appear before the Board in July. The settlement agreement does not specify a date or time frame for Ellenburg's appearance before the Board. Pursuant to § 28-3-601, MCA, which governs the interpretation of contracts, "[i]f no time is specified for the performance of an act required to be performed, a reasonable time is allowed." Via email, former DOC staff attorney McKenzie McCarthy informed Ted Mizner, the mediator who presided over the settlement agreement, that Ellenburg could not appear before the Board in July because, by the time he accumulated his 120 days of clear conduct, the Board's schedule was set for the entire month. McCarthy indicated that the Board needed to set the schedule in advance to allow time to prepare for the hearings. Therefore, the earliest that Ellenburg could appear before the Board was August. Ellenburg does not dispute these facts. Given the Board's need to adhere to scheduling procedures, Ellenburg's hearing was scheduled for the earliest possible month. His appearance before the Board thus was within a reasonable time of his accumulation of 120 days of clear conduct.

¶6 Ellenburg next contends that the DOC Defendants violated the settlement agreement because a parole report submitted by Meaghan Mulcahy, a parole analyst for the Board, provides: "Since his last appearance, Ellenburg has accrued numerous write ups but is appearing today with clear conduct." According to an affidavit filed by McCarthy, Mizner informed Ellenburg that the DOC could not order the Board to take

any action or bind the Board as part of the settlement discussions. A separate parole report filed by Irl Lambertson, Ellenburg's prison case manager, provides: "The inmate's past year of discipline is not relevant to the inmate's likely success on parole, and for purposes of this plan will be disregarded and will not be discussed." The most recent information regarding Ellenburg's disciplinary record contained in Lambertson's report is from May 2014. Lambertson's report thus conforms to the settlement agreement's requirement that "a designated [MSP] official will submit a parole plan," containing specific language, and not containing any information concerning Ellenburg's disciplinary record during the preceding twelve months.

¶7     Ellenburg also contends that the settlement agreement does not contain a certificate of service. However, contracts do not need to be formally served to be legally binding. Rather, "[a] party to a settlement agreement is bound if he or she manifested assent to the agreement's terms . . . ." *Murphy*, ¶ 8. Formal service thus was not required for the settlement agreement to be valid and binding.

¶8     Finally, Ellenburg contends that MSP officials issued frivolous write-ups, and that the DOC Defendants evaded discovery requests. However, Ellenburg does not cite to any allegedly frivolous write-ups in the record, as required by M. R. App. P. 12(1)(d). Moreover, as the DOC Defendants point out, whatever disciplinary write-up Ellenburg may have received was disregarded by MSP officials for purposes of calculating Ellenburg's 120 days of clear conduct and was not included or mentioned in his parole report. Similarly, Ellenburg does not specify how the DOC Defendants allegedly evaded discovery requests, and does not cite to the record to support this argument. A review of

Ellenburg's appellate brief thus fails to clarify what specific write-ups or discovery responses he takes issue with. Accordingly, we will not consider these arguments. *See* M. R. App. P. 12(1)(d).

¶9 Ellenburg clearly manifested intent to be bound by the settlement agreement when he signed it, and again when he filed suit alleging the DOC Defendants breached it. Even if Ellenburg now contends that the settlement agreement is not binding on him, "[a] party's latent intention not to be bound does not prevent the formation of a binding contract." *Hetherington v. Ford Motor Co.*, 257 Mont. 395, 399, 849 P.2d 1039, 1042 (1993). The District Court correctly found that a valid, enforceable contract existed between Ellenburg and the DOC Defendants. *See Murphy*, ¶ 8. Ellenburg has not shown that the DOC Defendants breached any of the settlement agreement's terms. The DOC Defendants have shown that Ellenburg has not dismissed his pending lawsuits as required by the settlement agreement. The District Court did not err in enforcing the settlement agreement.

¶10 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review. The District Court's interpretation and application of the law were correct, and its findings of fact are not clearly erroneous. We affirm.

/S/ JAMES JEREMIAH SHEA

6

We Concur:

/S/ JIM RICE
/S/ PATRICIA COTTER
/S/ BETH BAKER
/S/ LAURIE McKINNON